RUSSELL S. STODDARD *vs.* JOHN B. PENNIMAN.

In an action to charge the defendant as an original promisor upon a promissory note, it appeared that the note was made payable to the maker's order; that, while it was in this condition, and before the maker indorsed it, the defendant put his name on the back of it, for the maker's accommodation; and that, in negotiating it to the plaintiff, the maker altered its face so as to make it payable to the plaintiff's order, without the defendant's knowledge or consent. *Held,* that this was a material alteration, and avoided the defendant's liability.

CONTRACT alleging that the defendant made a promissory note payable to the plaintiff by the name of Russell M. Stoddard, or order, and owed the plaintiff the amount thereof and interest. Writ dated November 17, 1869. The copy of the note and its indorsements, annexed to the declaration, was as follows:

"$400.                                Lawrence, April 1, 1869.

" Two months after date I promise to pay to the order of ~~myself~~ Russell M. Stoddard Four Hundred dollars. Value Received.                              James W. Hanson."

Indorsed with the successive signatures of John B. Penniman (the defendant), Charles A. Brown, and Russell S. Stoddard (the plaintiff).

The answer alleged, among other things, that the note had been materially altered since the defendant signed it, so as to be no longer binding on him. Trial in the superior court, before *Lord,* J., who made the following report thereof :

"It appeared in evidence that James W. Hanson, whose name appears on the face of the note as maker, brought it to the plaintiff for discount; that, when he brought it, it was in the same form as it now appears, except that the word 'myself' had not been erased, nor the words 'Russell M. Stoddard' inserted; that the names of the defendant and Charles A. Brown were then on the back of it; that the plaintiff agreed to let Hanson have the money on it, but objected to the form of it, saying he had never heard of a note payable to the maker's own order, and did not believe it was a proper form, but if Hanson would make it payable to his (Stoddard's) order, he would give him the money; that Hanson thereupon erased the word 'myself' and wrote 'Russell M. Stoddard' in place of it; and that the plaintiff thereupon paid Hanson $400. The plaintiff contended that the defendant assented to this alteration; but the defendant contended that he never knew or heard of it until about the maturity of the note. It was agreed that Hanson intended to write the name of the plaintiff, and wrote the wrong letter by mistake.

"The defendant offered evidence tending to prove that Hanson asked him to indorse a note for him for $400, saying he could get Charles A. Brown to indorse it with him; that he consented to do so, provided Hanson could procure Brown to indorse first; and that Hanson thereupon brought him the note, payable to his own order, and he put his name upon it, with the distinct agreement that Hanson should procure Brown to indorse it above his name, and that it should not be used otherwise. It was understood at the time, that the note was to be discounted at a bank.

"Brown testified that Hanson brought the note to him with Penniman's name on it, and requested him to indorse it, and he, knowing Penniman to be responsible, wrote his name on the back, as second indorser; and that he never knew or suspected that the note was altered, until Hanson absconded, some time in May, before the maturity of the note.

"The judge ruled that, if the defendant and Brown put their names on the back of the note, with the understanding that they were to be liable as indorsers only, then the alteration was material, and would avoid the note, unless the defendant assented to it

and to a change by which he would become a joint and several maker. Before the conclusion of the trial he became in doubt as to the correctness of this ruling, and inclined to the opinion that Hanson, having received the note from Penniman and Brown before he had indorsed it himself, would have a right to make such an indorsement as would be precisely equivalent to the alteration as made, and thereby to make them joint and several promisors, and that the alteration was therefore immaterial ; but he submitted the case to the jury upon his former ruling, and requested them to find specially whether the defendant and Brown undertook to be indorsers only. The jury found for the plaintiff, and also found specially on the question submitted to them, that ' Penniman and Brown, in signing Hanson's note, intended to put themselves in the position of indorsers only.'

" The defendant moved to set aside the verdict as against evidence ; and the judge was of opinion that, upon his ruling, the verdict could not be supported, that the evidence was not sufficient to authorize the jury to find that the defendant assented to the alteration, and that the verdict ought to set aside if the question of assent was material. But being now inclined to the opinion that the alteration was immaterial, and that therefore the plaintiff is entitled to a verdict as a matter of law, he declined to set aside the verdict, and reports the case to the supreme judicial court. If the alteration was a material one, upon the facts heretofore recited and the special finding of the jury, then the verdict is to be set aside ; if the ruling to the jury was erroneous, and they should have been instructed that the alteration was immaterial and did not avoid the note, so that the verdict can be supported without finding that the defendant and Brown assented to it, then judgment is to be entered upon the verdict."

*S. B. Ives, Jr.*, for the defendant.

*W. S. Knox*, for the plaintiff.

COLT, J. The defendant is sued as a joint and several promisor, upon a note payable to the plaintiff. His name is upon the back of the note only, but it was placed there before delivery to the payee, in blank ; and upon the note, as it appeared at the trial, produced by the plaintiff, the defendant is chargeable as an

Stoddard *v.* Penniman.

original promisor, according to the rule that, when a person not a party to a note puts his name upon it before it is delivered as a valid contract, he thereby makes himself an original promisor. *Union Bank* v. *Willis*, 8 Met. 504.

The defence here is, that there had been a material alteration in the note, made without the defendant's consent, and releasing him from all liability upon it. The note was originally drawn with the words "payable to the order of myself;" and while in vhat form the defendant put his name upon the back, solely for the accommodation of Hanson, the maker, who took it away with the express understanding between them that the defendant's liability was to be that of subsequent indorser. After it was presented by Hanson to the plaintiff for discount, the word "myself," at the plaintiff's suggestion, was erased by Hanson, and the plaintiff's name inserted its place, and the money then paid upon it to Hanson.

We are of opinion that this was a material alteration in the form of the note. The undertaking of the defendant, as expressed in the original form, was that of an indorser after Hanson, the payee and maker. When the defendant put his name to the paper, it was incomplete as a contract, and could take effect as a note only when negotiated by Hanson's indorsement; but the words "payable to myself or order" import that Hanson was to be the first indorser. It is not unusual for a third person to indorse a note for the benefit of another before the payee puts his name upon it, leaving that to be done when it is negotiated by him. And in *Pierce* v. *Mann*, 17 Pick. 244, it was held that in such case a party making the indorsement is liable only as indorser. The obligation of the several parties is to be determined by the instrument as it appears when finished. The condition of the note when first delivered as a valid and binding contract is the test of liability. The order of time in which accommodation parties may have signed is immaterial, in the absence of any agreement varying the apparent liability. The defendant's signature on the back of a note payable to the maker's order indicated the extent to which he intended to be-

come liable if the note should be negotiated.    It was a limitation upon Hanson's authority in his use of the note, which he had no right to disregard.    Under it, he could not legally make such alteration as would change a qualified liability as indorser, to pay whoever might acquire title to the note, into the absolute liability of an original promisor.    And this limitation forbade him alike to change the name of the payee, or put his own name upon the back as last indorser, or make such special or restricted indorsement as would produce that result.    *Patch* v. *Washburn*, 16 Gray, 82.    *Brown* v. *Butler*, 99 Mass. 179.    *Clapp* v. *Rice*, 13 Gray, 403.

The case at bar does not fall within *Union Bank* v. *Willis*, 8 Met. 504, and the cases there cited.    The rule there laid down has been declared anomalous, and is not to be extended in its application beyond the facts stated.    It applies where, from the form of the note, there can be an original promise to pay a party named as payee.    It does not apply where the note is payable to the maker's order, and where from the nature of the transaction there can be no joint and several promise to pay him, but only a promise to pay such person as the maker himself may by his own act make the bearer or indorsee.    In the latter case, the more reasonable and natural interpretation of the contract of the parties is that which we here adopt.    *Bigelow* v. *Colton*, 13 Gray, 309.    *Ives* v. *Farmers' Bank*, 2 Allen, 236.    See also *Ellis* **v.** *Brown*, 6 Barb. 282.

In accordance with the terms of the report, the entry must be

*Verdict set aside.*