ADOLPH GLUCK, Respondent, v. CARL DIEBOLD et al., Appellants.

February 28, 1876.

Upon appeal from a justice of the peace to the Circuit Court, where notice of the appeal must be given to the appellee, an acknowledgment of notice to take depositions in the cause, with waiver of *dedimus* by the appellee, will not suffice as a waiver of notice of the appeal. (GANTT P. J., dissenting.)

APPEAL from St. Louis Circuit Court.
*Affirmed*.

Joseph T. Tatum, for appellants, cited : Rector v. Circuit Court of St. Louis County, 1 Mo. 607 ; Hempstead v. Darby, 2 Mo. 25 ; Bonney v. Baldwin, 3 Mo. 50.

*Lee & Adams*, for respondent, cited: Wag. Stat., ch:. 82, Art. 9, secs. 21, 22 ; Rowley *v.* Hinds *et al.*, 50 Mo. 403 ; Purcell *v.* Hannibal & St. Jo. R. R. Co., 50 Mo. 504 ;. Wag. Stat., ch. 38, Art. 1, sec. 16, p. 344 ; McGregor *v.*. Leighton, 37 Mo. 597.

LEWIS, J., delivered the opinion of the court.

Plaintiff obtained judgment, before a justice of the· peace, for $154.35, from which defendants appealed to the: Circuit Court, on a day subsequent, but within ten days. after the judgment. No written notice of the appeal was. served on the plaintiff; but, after the transcript was filed, his attorneys acknowledged service of a notice from defend-- ants to take depositions in the State of Ohio. This acknowl-- edgment included a waiver of the issue of *dedimus* and of all exceptions as to time. After the lapse of two terms of the Circuit Court, plaintiff moved for an affirmance of the: justice's judgment, for want of notice of the appeal. This. motion was sustained.

It is contended by defendants that the acknowledgment. of notice for the taking of depositions in the cause, with the· waiver of *dedimus*, was a waiver of, and therefore: equivalent to, notice of the appeal. He refers to a number· of cases decided by our Supreme Court, wherein the action of the appellees was held to be tantamount to waiver of notice, or to imply an appearance for the general purposes of the suit, which would in itself be a waiver. But in all these cases the acts were done in open court. There was, in each instance, an actual appearance for some purpose· other than that of objecting to the want of notice. I do· not think that the language of the Supreme Court, in any of the opinions, can properly be applied to an act *in pais*, which is neither a notice within the terms of the statute,. nor an express waiver thereof.

In *McClurg* v. *Willard*, 5 Watts, 275, the plaintiff was. entitled to notice of a certain special defense. His attor- ney signed an agreement, in writing, that a deposition

which established that defense, and the taking of which he attended, should be read in evidence. It was held that this was no waiver, and did not dispense with the notice required by law. Chief Justice Gibson said: "Knowledge is certainly not notice; for, though the suitor may know that his adversary is taking precautionary proofs of particular facts, he has no warrant to anticipate that he will be called on to rebut them. It will, perhaps, be found the safest course, in the end, to go by the plain directions of the rule, instead of attempting to satisfy its exigencies with equivalents."

I can see no reason why a voluntary acceptance of notice to take depositions should have any greater effect than a service of the same notice made by the proper officer. In either case the deposition is freed from objection as an *ex parte* proceeding, and this is all that the notice is intended to accomplish. Will it be pretended that, if the plaintiff or his attorney had been regularly served with this notice, it would have stood in the place of the statutory notice of appeal? There would be a vast difference between the "knowledge" thus incidentally imparted and the actual appearance of the party in court, submitting himself to its appellate jurisdiction by taking an open part in the proceedings. If a defendant who had not been summoned in a cause should accept a notice for the taking of depositions, no lawyer would call this equivalent to a voluntary appearance, dispensing with the service of process. The example may not be strictly analogous, but it is nearly enough so to direct attention to the principles involved.

Acceptance of notice for depositions and waiver of *dedimus* constitute a professional courtesy in daily practice among the members of our bar. It would be a sad check upon the impulses by which this is prompted to establish a rule whose effect would convert an attorney's courtesy into a surrender of rights not at all within his contemplation. Judge BAKEWELL concurring, the judgment is affirmed.

Judge GANTT concurs in affirming the judgment, but not in the views expressed as to the acceptance of notice to take depositions with the waiver of *dedimus*. This, he thinks, if done at the term to which the appeal was returnable, would amount to a waiver of notice.

