MOSES V. ALDRICH v. ALPHEUS G. SMITH, WILLIAM GLUE AND CHARLES H. HACKLEY.

*Alteration of Promissory Note.*

A note was indorsed by the payee and by another person. The maker, in good faith, but without the knowledge or consent of the indorsers, inserted the name of the second indorser as a payee in the body of the note, and discounted it. *Held* that the alteration released both indorsers.

Case made from Muskegon. Submitted Oct. 18. Decided Oct. 23.

ASSUMPSIT. The facts are in the opinion.

*Norris & Uhl* for plaintiff, cited the following cases in

which unauthorized indorsements did not affect the instrument: *Seymour v. Mickey,* 15 Ohio St., 515; *Josselyn v. Ames,* 3 Mass., 274; *Nevins v. De Grand,* 15 Mass., 436; *Tenney v. Prince,* 4 Pick., 385; *Austin v. Boyd,* 24 Pick., 64; *Riley v. Gerrish,* 9 Cush., 104; *Mitchell v. Culver,* 7 Cow., 336. One who signs or indorses a bill or note, in blank, and intrusts it to another to raise money on it, gives the latter implied authority to fill the blanks. *Gillaspie v. Kelley,* 41 Ind., 160; *Holland v. Hatch,* 11 Ind., 497; *Spitler v. James,* 32 Ind., 202; *Rich v. Starbuck,* 51 Ind., 88; *Goodman v. Simonds,* 20 How., 361; *Mitchell v. Culver,* 7 Cow., 336, n.; *Hance v. Miller,* 21 Ill., 636; *Croskey v. Skinner,* 44 Ill., 321; *Redlich v. Doll,* 54 N. Y., 234; *Abbott v. Rose,* 62 Me., 194; *Rogers v. Poston,* 1 Metc. (Ky.), 643. An alteration not apparent on inspection, and made before any one has legal claim upon the paper as holder or payee, and while in the hands of one of the promisors, is presumed to have been made by consent of the others. *Eddy v. Bond,* 19 Me., 461; *Munroe v. Eastman,* 31 Mich., 283; *Sirrine v. Briggs,* Id., 443. An alteration by a stranger or by a party adversely interested will not defeat an instrument; there must be fraud by the holder. *Fullerton v. Sturges,* 4 Ohio St., 529; *Worrall v. Gheen,* 39 Pa. St., 388; *Hunt v. Gray,* 35 N. J., 227; *Murray v. Graham,* 29 Ia., 520; *Collins v. Makepeace,* 13 Ind., 448; *Henfree v. Bromley,* 6 East, 310; *Hall v. Fuller,* 5 B. & C., 750; *Bigelow v. Stilphen,* 35 Vt., 521; *Van Brunt v. Eoff,* 35 Barb., 501; *United States v. Spalding,* 2 Mas., 478. If an alteration was honestly made, or can be reasonably accounted for as made under some mistake or with the supposed assent of the obligor, it should not avoid the obligation; but if fraudulently made, and with a view to gain any improper advantage, the fraudulent party should lose the right to enforce his original contract at law. *Adams v. Frye,* 3 Met., 109. A bill or note must not be altered after issue, *Gardner v. Walsh,* 85 E. C. L., 83, *i. e.* after it comes to one capable of enforcing it, *Matson v. Booth,* 5 M. & S., 223; *Spicer v. Burgess,* 1 C. M. & R., 129; *Hudson v. Revett,* 5 Bing., 368; *Downes v. Richardson,* 5 B. & Ald., 674; *Bingham v. Reddy,* 5 Ben., 266; 2 Pars. on Notes and Bills, 573;

Byles on Bills, 256. It is not a material alteration to insert the name of the payee where the name is left blank, 2 Daniel on Negot. Inst., § 1403; 2 Pars. on Notes & Bills, 570, or to change a contract from several to joint where the remedy is not affected, *Eddy v. Bond,* 19 Me., 461; or to interline the words "or either of us" in a note made by two. *Miller v. Reed,* 27 Penn. St., 244.

*Eggleston & Kleinhans* for defendants. Any alteration which changes the legal effect of a note (1 Greenl. Ev., § 565) or which may alter a promisor's liability without his consent, is material, 2 Pars. on Notes & Bills, 564, as, changing the order of indorsements, *Slagle v. Rust,* 4 Gratt., 274; or adding the name of another maker, *Gardner v. Walsh,* 32 Eng. L. & Eq., 162; *Bank of Limestone v. Penick,* 5 T. B. Mon., 33; *Pulliam v. Withers,* 8 Dana, 98; *Harper v. State,* 7 Blackf., 61. See *Bradley v. Mann,* ante, p. 1; *Booth v. Powers,* 56 N. Y., 30; *Mahaiwe Bank v. Douglass,* 31 Conn., 170; *Portage Bank v. Lane,* 8 Ohio St., 405; *Schwalm v. McIntyre,* 17 Wis., 232.

CAMPBELL, J. In this case Aldrich sued Smith as maker and Glue and Hackley as joint endorsers of two notes which he had discounted for Smith purporting to be payable to the endorsers jointly, but which in fact when endorsed were payable only to the order of William Glue, the first endorser.

Smith had requested a discount from Aldrich on Glue's endorsement of his paper for the amount of these two notes some days before this paper was executed, which was declined. He then offered to procure Hackley's endorsement, and plaintiff agreed to make the discount. The parties all lived at Muskegon.

On the 23d of December, 1875, Smith drew up and signed these notes payable to Glue's order, and between this and the 25th Glue endorsed them. On the 25th Hackley endorsed them by signing his name under Glue's, with no knowledge of their destination except a supposition that they were to be discounted. On the 25th of December Smith without the knowledge of either endorser inserted

Hackley's name after Glue's in the body of the notes, thus making them payable to the order of Glue and Hackley in the same blank space of the printed notes, which were all in his handwriting, and in this form negotiated them to Aldrich on the 27th of December.

Smith acted on the supposition that he was only supplying an oversight of Hackley's, and with no dishonest purpose. Neither endorser knew of the change till after the protest of the first note.

Upon this the court below held the endorsers discharged.

We have been strongly pressed with plaintiff's equities, but we are unable to distinguish this case from any others where the paper sued upon is not the paper which defendants signed. They were not parties personally to any dealing which made it wrongful or negligent conduct not to inform themselves that their contract had not been altered. It was complete when they signed it, and they had no reason to suppose it would be changed. All legal as well as business presumptions are that paper will not be tampered with, and plaintiff is in no worse condition from an honest than from a dishonest alteration made without his knowledge. Every one who takes negotiable paper in any shape whatever trusts to the express or implied assurance of genuineness given by the person from whom he receives it. That is one of the risks of dealing in such paper, and there is no reason whatever why he should be preferred to other persons who have done nothing to mislead him. He is bound to satisfy himself whether he can safely rely on the party with whom he deals, and if he does so without further inquiry, he must do it at such risk as may arise of being misled by his confidence. He has no superior equities to those whose contracts have been altered without their fault.

The case comes within the principle of *Bradley v. Mann,* *ante,* p. 1, and the judgment must be affirmed with costs.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.