JOHN M. ROBINSON, Appellant, v. H. C. BERRYMAN, Respondent.

Kansas City Court of Appeals, June 14, 1886.

1. BILLS AND NOTES—ALTERATION—EFFECT OF AS TO KNOWLEDGE,

ETC.—RULE IN MISSOURI.—However the rule may be elsewhere the law is settled in this state, that though the alteration of a bill or note, is made before delivery to the payee, and without his knowledge or privity, the non-consenting surety, on such a note, is discharged.

2. ———— ———— WHAT IS A MATERIAL ALTERATION.—Changing the note by erasing the original and inserting a different payee, is a material alteration. And it would make no difference in a case of this kind, where the alteration is made without the knowledge of the holder, whether that alteration be material or immaterial.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

THOMAS M. TURNEY and JAMES M. RILEY, for the appellant.

I. An alteration, to avoid a note, must be made with the knowledge of a party claiming a benefit under it, and a joint promisor or maker is not such a party. *McCramer v. Thomson*, 21 Ia. 244; *Crockett v. Thomason*, 5 Sneed (Tenn.) 342; *Hunt v. Gray*, 35 N. J. 227; 1 Saw. on Leading Cases, 814; 1 Greenleaf on Evidence (13 Ed.) sect. 566; *Lubbering v. Kohlbrecher*, 22 Mo. 596.

II. The alteration is not a material one. *Manufacturers, etc., v. Follette*, 11 R..I. 92; *Horst v. Wagner*, 43 Ia. 373; *Bridges v. Winter*, 42 Miss. 135; *Williams v. Jansen*, 75 Mo. 681; *Patterson v. Cave*, 61 Mo. 439.

III. The court, by an inspection of the note, found that on its face there was nothing suspicious, and admitted the same in evidence. *Holton v. Kemp*, 81 Mo. 661.

THOMAS J. PORTER, for the respondent.

I. If the position contended for is supported by any authority, it is *too late to invoke* it in this state, as it has

been uniformly held that an alteration by a joint maker, before delivery, avoids the note, and it is immaterial that the payee has no knowledge or notice of it. *Haskell v. Champion*, 30 Mo. 136; *Ivory v. Mitchell*, 33 Mo. 398; *Brittain v. Ernst*, 46 Mo. 591; *Trigg v. Taylor*, 27 Mo. 245; *Bank v. Armstrong*, 62 Mo. 59.

II. The alteration is a material one. *National Bank v. Fricke*, 75 Mo. 128; *German Bank v. Dunn*, 62 Mo. 29. The Missouri cases cited by appellant on this point (75 Mo. 681, and 61 Mo. 439) do not support the position, and do not even involve a consideration of the question.

ELLISON, J.—The following facts, it is conceded, substantially present this case :

W. T. Grimes, now deceased, wishing to borrow four hundred dollars, went to his brother-in-law, the defend-ant, and telling him that he could get the money from Kemp M. Wood, asked him to execute a note with him for that sum, payable to Wood in one year from its date. The defendant consented, and Grimes prepared the note sued on, but which, at the time, was made payable to Kemp M. Wood, and the defendant signed it (the note having been first signed by Grimes and his wife), and de-livered the note to Grimes.

For some reason not known, Grimes erased the name of Wood as payee, where it occurred in the note, and in-serted the name of the plaintiff. This fact was unknown to both plaintiff and defendant until after Grimes' death, and until shortly before the institution of this suit.

The plaintiff became possessed of the note as fol-lows :

About the time the note bears date, Grimes applied to the plaintiff to borrow four hundred dollars, and pro-posed to execute a note for that sum, due in one year, to be signed by himself and wife, and the defendant.

The plaintiff, being unacquainted with the parties, told Grimes that if he would bring him such a note, and

a letter from James M. Riley, saying that the parties signing it were good for the amount, he would let him have the money. In a few days after, Grimes brought the note sued on, which was then in the same condition as at the trial, and the plaintiff paid him four hundred dollars for it. The plaintiff did not examine the note closely, but saw that it was payable to himself, that it was signed by the proper parties, was for the proper amount, and was to come due as before agreed. He did not know of the erasure until he applied to the defendant for payment, the defendant then pointing it out to him.

From this statement it appears that the note, as signed by all the makers, defendant being an accommodation maker, and was payable to Kemp M. Wood. That after being so signed, Grimes, for whose benefit it was executed, before delivering to plaintiff, and without the knowledge of either plaintiff or defendant, erased Wood's name and wrote in plaintiff's. The judgment below was for defendant, and plaintiff prosecutes this appeal, alleging as ground of reversal, that: (1) An alteration to avoid a note must be made by or with the knowledge of a party claiming a benefit under it. That the cases in Missouri on alteration were where the alteration was made by the payee, or with his knowledge. (2) The alteration is not a material one.

I. However the first point may have been decided elsewhere, the rule has been laid down in a number of cases in this state contrary to plaintiff's contention. It is held that though the alteration is made before delivery to the payee and without his knowledge or privity, the non-consenting surety is discharged. *Britton v. Dierker*, 46 Mo. 591; *Haskell v. Champion*, 30 Mo. 136; *Trigg v. Taylor*, 27 Mo. 245; *Ivory v. Mitchell*, 33 Mo. 398; *Capital Bank v. Armstrong*, 62 Mo. 59.

II. Changing the note by erasing the original and inserting a different payee, is a material alteration. This is so manifestly true that it needs no argument to sustain

the assertion.    It was held a material alteration in *The First National Bank v. Fricke* (75 Mo. 178, 183).

From the case of *Haskell v. Champion* (30 Mo. 136), and the *Fricke case, supra,* it appears that it would make no difference in a case of this kind, where the alteration is made without the knowledge of the holder, whether that alteration be material or immaterial.    In the *Haskell case* the change was made without the knowledge of the payee, as was shown by the statement, yet that is the leading authority on the doctrine of the immateriality of the alteration.

The judgment is affirmed.    All concur.