# SUPREME COURT

OF THE

# STATE OF MISSOURI.

AT THE

## OCTOBER TERM, 1890.

---

FISHER *et al.* v. ANDERSON *et al.*, *Appellants.*

1. **Practice:** APPEALS FROM COUNTY COURTS. Appeals from judgments of county courts are governed by the law prescribed for appeals from judgments of justices of the peace. ( R. S. 1879, sec. 1210.)

2. ———: ———. An appeal from a judgment of the county court which is allowed ten days before the next term of the circuit court is returnable and triable at such term of the circuit court. ( R. S. 1879, sec. 3054.) But, if the appeal be not allowed on the same day judgment was rendered, the respondent will be entitled to ten days' notice of the appeal before the beginning of the next term of the circuit court. ( R. S. 1879, sec. 3055.)

3. ———: ———. Where no notice of appeal is given, the respondent may waive the notice and have the cause tried at the first term of the circuit court by entering his appearance therein on or before the second day of the term. ( R. S. 1879, sec. 3056.)

459

4. ——— : ———. Unless notice of appeal as required by the statute is given ten days before the second term of the circuit court, or the requirement of notice is waived by the respondent, the circuit court is authorized upon the latter's motion to affirm the judgment of the county court. ( R. S. 1879, sec. 3057.)

5. ——— : APPEARANCE BY ATTORNEY. The appearance of a party by attorney must appear in some way upon the record. The bar docket provided by the clerk for the convenience of the attorneys is not a record of any proceeding had in a cause in court.

6. ——— : ———. The mere entry by an attorney of his name as such on the docket only tends to show that he is employed in the case. It does not tend to show that he thereby intended to enter the appearance of his client in the case.

*Appeal from Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Samuel P. Sparks* for appellant.

( 1 ) The bar docket of the circuit court was a record authorized by the statute to be kept for the information of the court, bar and the public generally. R. S. 1879, sec. 3722. ( 2 ) The voluntary act of entering their names as respondents' attorneys upon the bar docket at the return term of the appeal was in effect an appearance to the cause by respondents and dispensed with the necessity of notice of the appeal, and the court erred in the refusal of the several declarations of law requested by appellant. *Page v. Railroad*, 61 Mo. 78; *Berry v. Trust Co.*, 75 Mo. 430. *First*. A party merely appearing to have the cause put at the foot of the docket gives the court jurisdiction to render personal judgment. *Orear v. Clough*, 52 Mo. 55; *Fry v. Railroad*, 73 Mo. 123. *Second*. A party must either appear at a trial and abide the consequences, or not appear, and cannot occupy an ambiguous position, partly appearing, and partly not appearing. *Tower v.*

*Moore*, 52 Mo. 118. ( 3 ) O. L. Houts and R. M. Robertson were in point of fact the attorneys of respondents of record in the county court, and were such in the circuit court; and wherever a regularly-admitted attorney appears for a party in a cause the presumption is that such appearance is authorized. *State v. Lewis*, 9 Mo. App. 321; s. c., 74 Mo. 222; *Davis v. Hall*, 90 Mo. 659; *Barlow v. Taylor*, 65 Mo. 611; *Beibinger v. Taylor*, 64 Mo. 63; *McDonough v. Daly*, 3 Mo. App. 606. An attorney may waive a statutory notice of appeal. *McDonough v. Daly*, 3 Mo. App. 606; *Bradley v. Welch*, 100 Mo. 258; Weeks on Attys. at Law, p. 338.

*O. L. Houts* and *J. W. Suddath*, Prosecuting Attorney, for respondents.

( 1 ) It was mandatory upon the circuit court to affirm the judgment of the county court. R. S. 1879, secs. 3055, 3056, 3057; R. S. 1889, secs. 6342, 6343, 6344; *Cooksey v. Railroad*, 17 Mo. App. 132. ( 2 ) There was no waiver of notice. In order to waive notice by appearance, appellee must appear in court and for general purposes, such as to plead to the merits or contest the trial as when he subpœnas witnesses therefor. *Rowley v. Hinds*, 50 Mo. 403; *Page v. Railroad*, 61 Mo. 78. ( 3 ) The statute does not say that a bar docket shall be provided for the purpose of recording the entry of appearance of parties. A lawyer by writing his own name upon the margin of a bar docket does not enter the appearance of his client. A lawyer cannot write a record if the docket had been provided for that purpose. ( 4 ) The June term of the circuit court was the trial term of this case. It was not then tried or continued for cause, or at the cost of appellants. On the contrary the case took precisely the course of all cases of appeal where there was neither notice of the

appeal nor appearance of appellees, and went over without any entry to the second term. R. S. 1879, sec. 3054; R. S. 1889, sec. 6341, and sections before cited.

BRACE, J.,—At the May term, 1887, of the county court of Johnson county, and on the nineteenth of May, 1887, a final judgment was rendered by said court establishing a public road petitioned for by respondents over the objections of appellants. In vacation after said term of said court, and on the twenty-eighth of May, 1887, the appellants filed affidavit and bond for, and were granted, an appeal from said judgment to the circuit court of said county, and the transcript was filed in the office of the clerk of said circuit court on the first day of June, 1887. The June term of said court commenced on the thirteenth of that month.

Appeals from judgments of county courts are governed by the law prescribed for appeals from judgments of justices of the peace. R. S. 1879, sec. 1210. The appeal having been allowed ten days before the June term of said circuit court was returnable to and triable at said term. R. S. 1879, sec. 3054. But not having been allowed on the same day the judgment was rendered, the respondents were entitled to ten days' notice of the appeal, before said term. R. S. 1879, sec. 3055. The appellant failed to give such notice. The respondents could have waived the notice, and had the case tried at that term, however, by entering their appearance therein on or before the second day of said term. Sec. 3056. The record does not show that they did so, or that anything was done in the case at that term. It must have been continued to the next ( October ) term by the court as of course not being otherwise disposed of. The appellant also failed to give ten days' notice of such appeal before the October term which was the second term after the appeal was taken, and respondents at that term filed their motion asking the affirmance of the judgment of the county court for want of

notice of the appeal. This motion was signed by R. M. Robertson and O. L. Houts as attorneys for respondents, was sustained by the court, and the judgment of the county court affirmed ; from this judgment of affirmance this appeal is taken.

The circuit court was authorized by the provisions of section 3057, Revised Statutes, 1879, to affirm the judgment of the county court on the motion unless the notice of appeal required by the statute, and which was not given, was waived. The appellant on the hearing of the motion contended that it was waived by an appearance of the respondents at the June term, and introduced evidence tending to show that upon the bar docket of that term opposite the names of respondents at the place where the case was docketed, in the column headed attorneys, Mr. Robertson had written the name Houts — Robertson, either before or at some time during the term, and upon this act the appellants rely as an appearance.

The appearance of a party by attorney must appear in some way upon the record. Weeks on Attorneys, sec. 193, p. 339. But this is surely the first time that it was ever suggested that the bar docket provided by the clerk for the convenience of the attorneys in the conduct of their professional business in the courts was to be regarded as a record of any proceeding had in court, in a case. But even if it could be so considered the mere entry by an attorney of his name as an attorney on the docket could have no other effect, than tend to show that he was employed in the case, and not that he thereby intended to enter the appearance of his client in the case. That the attorney did not so intend in this case clearly appears from his, and the other, evidence offered by appellants on the hearing of the motion. The judgment is affirmed. All concur.