DAVENPORT *et al.*, *Plaintiffs in Error*, v. THE
CITY OF HANNIBAL.

In Banc, June 20, 1892.

1. **Practice in Supreme Court:** NOTICE OF WRIT OF ERROR: DIS-
MISSAL. Where a party suing out a writ of error fails to give notice
thereof, to the adverse party, as required by section 2290, Revised
Statutes, 1889, the writ will be dismissed, unless good cause for such
failure be shown.

2. ———: ———: ———: WAIVER. The fact that the adverse party
has appealed in the same cause in regard to the validity of the bill of
exceptions cannot supply the lack of notice in writing of the issuance
of the writ of error.

*Error to Marion Circuit Court.*

WRIT DISMISSED.

*R. E. Anderson* and *Harrison & Mahan* for plain-
tiffs in error.

*D. H. Eby* for defendant in error.

SHERWOOD, C. J.—Division number 2 of this court
'has transferred this cause to court *in banc*. In
that division, the writ of error herein was dismissed
because no notice of its having been issued was given,
and a motion has been filed to reinstate the cause.

Section 2290, Revised Statutes, 1889, expressly
requires that a party "suing out a writ of error shall
cause notice thereof, in writing, to be served on the
adverse party or his attorney of record twenty days,
etc. * * * If such notice be not served, the writ
shall be dismissed, unless good cause for such .failure
be shown."

No cause for such failure has been shown, and the fact that the adverse party has appealed in the same cause in regard to the validity of the bill of exceptions cannot supply the lack of notice in writing of the issuance of the writ of error.

Frequent instances are shown in the decisions of this court where like writs have been dismissed for failure to give the notice required. We deny the motion to reinstate the cause. All concur, except BARCLAY, J., absent, and MACFARLANE, J., who dissents on the ground that he thinks a waiver of notice occurred.