MILTON F. WILLIAMS, Plaintiff in Error, v. H. W. BECK, Defendant in Error.

St. Louis Court of Appeals, October 29, 1895.

Practice, Appellate: NOTICE OF WRIT OF ERROR: PROOF OF SERVICE. The rule of this court, which provides that notice of a writ of error can be established only by the filing of the notice with the return, acceptance or waiver, of service indorsed thereon, will be strictly enforced; other proof of the service or waiver will not be entertained in cases of controversy.

*Error from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

WRIT DISMISSED.

*John J. O'Connor* for appellant.

*Mills & Grant* for defendant in error.

ROMBAUER, P. J.—Section 2290 of the Revised Statutes provides: "Every person suing out a writ of error shall cause notice thereof in writing to be served on the adverse party, or his attorney of record, twenty days before the return day of such writ. If such notice

be not served, the writ shall be dismissed, *unless good cause for such failure be shown.*" The statute is silent as to the form of such notice, or the evidence of its service. To supply the latter omission, rule 7 of this court was adopted, which provides: "All notices of writs of error, with the acceptance, waiver or return, of service indorsed thereon shall be filed with the clerk of this court, and by him attached to the transcript in the cause, *and shall be the only evidence that such notice has been given.*" This rule was adopted for the purpose of saving the court the ungrateful task, which would otherwise be imposed upon it, of determining, upon conflicting affidavits of attorneys, whether such notice was given in cases where the fact is disputed. As the writ of error is in the nature of a new action (*Macklin v. Allenberg*, 100 Mo. 337), the notice required by the statute supplies the place of a summons.

In the case at bar no formal notice in writing of the suing out of the writ of error was given, and hence none is attached to the transcript, and the defendant in error moves that the writ be dismissed. The attorney for the plaintiff in error has filed an affidavit in opposition to the motion, stating that, more than twenty days before the return day of the writ, he served a printed brief on the attorney of the defendant in error, which brief recites that a writ of error had been sued out, "*and that said attorney accepted said copy as full notice that a writ of error had been issued in said cause, and that the same was returnable at the October term of this court.*" The attorney for the defendant in error denies so much of the statement contained in the affidavit as is italicized above.

It will be seen from this statement that the plaintiff in error has not complied with the law, and the rule of this court. The good cause which is mentioned in the statute for failure to give notice refers to a case

where the party suing out the writ of error has been prevented from giving the required notice, and not to one where he has neglected to give it. *Davenport v. City of Hannibal*, 110 Mo. 574.

As it is important that the practice be settled, we must dispose of the case on this technical ground, although an inspection of the record satisfies us that an examination of the merits would have resulted in an affirmance of the judgment.

The writ of error is dismissed. All the judges concur.