## SHIRLEY v. SWAFFORD.

119　43
119　225

119　43
d127　143

1. In order to render a written contract void because of alterations made therein, it must appear that the writing has been intentionally altered in a material part, by a person claiming a benefit under it, with intent to defraud the other party.
2. The rule that this court will not interfere with the first grant of a new trial unless the verdict was absolutely demanded applies to decisions on certiorari from a verdict or judgment in a justice's court.

Submitted November 3, — Decided November 10, 1903.

Certiorari.　Before Judge Kimsey.　Rabun superior court. March 2, 1903.

Swafford sued Rembert, Shirley, and Dickson in a justice's court, on a promissory note. At the first term Shirley pleaded that he signed the note as surety, and that he had verbally instructed Swafford to bring suit against Rembert, the principal, who at that time had property out of which the debt could have been made; that Swafford promised to sue Rembert, but failed to do so; and that later Rembert moved from the State. Judgment was rendered for the plaintiff, and there was an appeal to a jury in the justice's court; whereupon Shirley filed an amendment by which he pleaded that the note had been altered; that when signed it read, "Twelve months after date we promise," etc., and that, without his knowledge or consent, the words "Twelve months" were erased and the word "One" inserted, so as to make it read, "One after date we promise," etc. The plaintiff demurred to this plea, on the ground that it was not alleged that he made or knew of the alleged alteration. The demurrer was overruled. At the trial there was evidence that the note had been altered, but it did not appear who made the alteration. The jury rendered a verdict against Rembert as principal, and in favor of Shirley and Dickson as sureties. Swafford took the case to the superior court by certiorari, alleging that the verdict was contrary to law and the evidence, and that the magistrate erred in overruling the demurrer. The certiorari was sustained and a new trial granted, and Shirley excepted. In the petition for certiorari it was alleged that Swafford denied that the note had been altered; but the answer of the justice makes no reference to such testimony.

*James R. Grant* and *Robert McMillan*, for plaintiff in error.
*W. S. Paris*, contra.

LAMAR, J. The rule that this court will not interfere with the first grant of a new trial unless the verdict is absolutely demanded applies to decisions on certiorari from a judgment or verdict in a justice's court. *Strickland* v. *Reese,* 110 *Ga.* 263; *Flanders* v. *Wood,* 113 *Ga.* 635; Civil Code, § 5585. There is nothing to take the present case out of the rule; for even if it be conceded that there was no conflict in the evidence as to the change in the note, the demurrer to the plea of alteration should have been sustained. The allegations therein do not set out a valid defense; for the Civil Code, § 3702, declares the contract void where the writing has been intentionally altered in a material part by a person claiming a benefit under it, with intent to defraud the other party. Both the plea and the evidence were silent as to when and by whom the alteration was made. It does not appear on what ground the new trial was granted; but there being at least one good reason therefor, it is not necessary to consider the other questions raised by the record; and the judgment is

*Affirmed. All the Justices concur.*