THOMASON *v.* WILSON.

A promissory note in which a seal followed the name of the maker, but in the body of which the fact that it was a sealed instrument was not recited, was so altered as to recite in the body of the paper that the instrument was under seal. In a suit on such a note the maker filed a plea of the statute of limitations, alleging that he had not undertaken and promised to pay the note within six years of the maturity thereof; and also alleging that the words in the body of the note, reciting that it was a sealed instrument, were inserted without his knowledge or consent after the instrument was signed. *Held:* (1) The authority to in-

sert the words and change the legal character of the paper from an unsealed instrument to a sealed instrument can not be conferred by parol. (2) It is not necessary, in a plea of the character above referred to, to allege that thè alteration was made by a party claiming an interest in the paper and with intent to defraud.

Submitted July 18,—Decided December 14, 1906.

Complaint. Before Judge Lewis. Morgan superior court. September 4, 1905.

R. U. Thomason brought suit against A. O. Wilson, upon a promissory note made by Wilson to John Orr, indorsed by Orr in blank, for $101.16. The note was dated February 2, 1893, and purported to be under seal. The defendant filed pleas of non est factum and the statute of limitations, and by amendment alleged that the words, "Witness my hand and seal," were not in the note when signed by him, and the alteration therein was made without his knowledge or consent. At the trial the plaintiff testified that he had inserted the words, "Witness my hand and seal," after the note came into his possession, by the parol authority of the maker. Plaintiff moved to strike the amended plea, because it contained no allegation that the alteration was made with intent to defraud. This motion was overruled, and the plaintiff excepted. At the conclusion of plaintiff's evidence, the defendant moved for the direction of a verdict, and the court directed a verdict for the defendant. To this judgment the plaintiff excepted.

*George & Anderson,* for plaintiff.

*Foster & Foster* and *E. W. Butler,* for defendant.

COBB, P. J. (After stating the foregoing facts.) In order to render a promissory note a sealed instrument it must be so recited in the body of the note. The mere addition of the seal after the signature of the maker is insufficient. *Jackson* v. *Augusta Southern R. Co., 125 Ga.* 801, and cit. When the note in the present case was executed it was not a sealed instrument. A seal followed the name of the maker, but the body of the instrument did not recite that it was under seal. It was therefore merely a written promise to pay, not under seal. The period of the statute of limitations applicable to such a paper is six years. The suit was not brought within that time after the date of the maturity of the note. The plea of the defendant alleged that the words, "Witness my hand and seal," were inserted in the note after it was signed by him, and

without his authority or consent. The plaintiff testified that he inserted these words in the note by authority of the defendant, but that this authority was in parol. The addition of these words to the note changed the legal character of the paper. It made that which was an unsealed instrument before the words were added an instrument under seal.. The code declares that authority to make a sealed instrument must itself be under seal. Civil Code, § 3002. The changing of an ordinary promissory note into a sealed instrument is the making of a sealed instrument, and the authority to make this radical change in the paper must be evidenced in the same way that authority to make a sealed instrument in the first instance would have to be shown. Under the evidence the authority required by law for this purpose was lacking, and therefore the paper remained an unsealed instrument, and its legal effect was the same as if the words had never been inserted therein. It is said, though, that when a party sued upon a written instrument seeks to avoid it entirely on the ground that it has been altered in a material part, he must allege in the plea that the alteration was made by a person claiming a benefit under the contract and with intention to defraud. *Shirley* v. *Swafford,* 119 *Ga.* 43; *Burch* v. *Pope,* 114 *Ga.* 334. The rule laid down in the decisions cited and the sections of the code upon which these decisions are based has no application in a case like the present. If the party sought to be held liable under the written contract relies upon the alteration in order to vitiate the instrument and altogether avoid liability thereon, it is absolutely essential, in order to render the plea complete, that there must be allegations that the alteration was made by a party claiming a benefit under the paper and that the alteration was made with intent to defraud. The purpose of the plea, however, in the present case, was not to vitiate the paper and to avoid liability altogether thereon. The effect of the plea was simply to charge that the paper sued on was not the paper executed; that the defendant was liable upon the paper in its original condition; but that the effect of the alteration was to change the time in which suit upon the paper could be brought. There was no effort to show want of liability under the paper as a consequence of the alteration. The sole purpose of the plea was to let in the defense of the statute of limitations, which always admits a past liability, and that there would be a present existing liability ex-

cept for the lapse of time. If the words had been inserted by the holder with a fraudulent intent, this would have been a proper subject-matter of a plea seeking to vitiate the undertaking altogether; but this was not the defense relied upon. There was no error in refusing to strike the amendment to the plea, nor in directing a verdict for the defendant on the plea of the statute of limitations.

*Judgment affirmed. All the Justices concur.*