## ANDERSON BANKING COMPANY *v.* CHANDLER *et al.*

Where a paper in the form of a promissory note was signed by a maker and three accommodation indorsers, payable to a named person, and afterwards, without the knowledge or consent of any of the indorsers, was altered by erasing the name of the original payee, and substituting therefor the name of one of the indorsers as payee: *Held*, that such alteration was material, and the indorsers could maintain a plea of non est factum to an action brought by a bank against them and the maker on the paper as altered, although the bank purchased or discounted it before maturity and without notice of the alteration.

No. 2251. APRIL 14, 1921.

The Court of Appeals certified (in Case No. 10920) the following questions:

" 1. Where a note signed by R. A. Chandler as maker and containing the name of John A. Fowler as the payee is, at the instance and request of R. A. Chandler, the maker, indorsed by Thos. J. Shackelford, W. G. Cornett, and G. D. Cook, as accommodation indorsers, and is afterwards, without the knowledge or consent of any of the said indorsers, altered by erasing the name of John A. Fowler as the payee and substituting therefor on the face of the note the name of W. G. Cornett (one of the indorsers) as the payee, and afterwards the Anderson Banking Company, without

knowledge of the alteration, acquires it from the maker, either by purchase or discount, will the alteration support a plea of non est factum by the indorsers, in a suit of the Anderson Banking Company against them on the note, upon the ground that the alteration was such a change and such a material alteration that the note sued on is a different contract from the one signed by the indorsers?

"2. Also, does the alteration constitute such a novation of the contract, or an increase of the risk, as will discharge any one of the defendants as surety?

"3. Can W. G. Cornett alone, who was one of the indorsers and whose name was, without his knowledge or consent and without the knowledge of the plaintiff, inserted as the payee of the note, under such state of facts, set up a plea of non est factum or a novation of the contract, or an increase of his risk, by way of defense to the suit? Did such alteration increase W. G. Cornett's risk? Attention is called to Aldrich v. Smith, 37 Mich. 468; Stoddard v. Penniman, 108 Mass. 366, s. c. 113 Mass. 386."

*John J. Strickland,* for plaintiff.

*E. K. Lumpkin, T. J. Shackelford, W. M. Smith,* and *W. G. Cornett,* for defendants.

FISH, C. J. The Civil Code (1910), § 5676, is as follows: "The plea of non est factum is a denial of the execution of the instrument sued upon, and applies to notes and other instruments, as well as deeds, and applies only when the execution of the instrument is alleged to be the act of the party filing the plea, or adopted by him." A bona fide holder for value of a promissory note, who receives the same before it is due and without notice of any defect or defense, is not protected from the defense of non est factum set up by the maker or indorser. Civil Code (1910), § 4286. The plea of non est factum may deny either the original execution of the contract sought to be enforced, or its existence in the form then subsisting. Civil Code, § 4295. The erasure of the name of Fowler, the original payee in the note, and inserting in lieu thereof the name of W. G. Cornett as payee, who was one of the accommodation indorsers at the time such substitution was made, was a fundamental change in the contract. In truth, it was the creation of a contract from which had been eliminated the original payee, who was an essential party to the contract as it originally existed.

The accommodation indorsers never executed a contract upon which they could be made liable to the bank, which discounted the paper, without the indorsement of Fowler, who was the payee of the paper at the time they signed it. In fact the paper which the accommodation indorsers signed was never executed as a promissory note, since it was payable to Fowler or his order, and never delivered to him, nor indorsed by him. And therefore such indorsers never became liable to any one on the paper they signed. " If a party makes a contract in such a manner as is authorized by law, he has a right to object to being bound by any other. A bona fide holder before maturity is allowed to receive the genuine contract, discharged from any equities attaching to the contract itself, as between the original parties, but he can not get a contract where none was made." *Simons* v. *McDowell,* 125 *Ga.* 203 (53 S. E. 1031). The paper used the accommodation indorsers did not sign; the paper they signed was never used, but was destroyed by the alteration, and another substituted for it. *Fay* v. Smith, 1 Allen (Mass.), 477 (79 Am. D. 752) ; *Draper* v. Wood, 112 Mass. 315 (17 Am. R. 92). The facts set forth in the first question propounded would sustain a plea of non est factum filed by the indorsers, and relieve them from all liability on the paper. *Burch* v. *Daniel,* 101 *Ga.* 228 (28 S. E. 622) ; *Hill* v. *O'Neal,* 101 *Ga.* 832 (28 S. E. 996) ; *Wilson* v. *Barnard,* 10 *Ga. App.* 98 (7), 99 (72 S. E. 943) ; *Sulunias* v. *Poolos,* 148 *Ga.* 409 (96 S. E. 866) ; Portage County Branch Bank *v.* Lane, 8 Ohio St. 405; Aldrich v. Smith, 37 Mich. 468 (26 Am. R. 536) ; Stoddard *v.* Penniman, 108 Mass. 366 (11 Am. R. 363), s. c. 113 Mass. 386; Horn *v.* Newton City Bank, 32 Kans. 518 (4 Pac. 1022) ; Robinson *v.* Berryman, 22 Mo. App. 509 (2) ; Bell *v.* Mahin, 69 Iowa, 408 (29 N. W. 331) ; 3 Rand. Com. Paper, §§ 1749, 1777, et seq.; 2 Dan. Neg. Inst. (6th ed.) § 1387, note 17; 2 C. J. 1225, § 93, notes 33, 34; 1 R. C. L. 974, § 7, note 3.

The Civil Code (1910), § 4296, declaring the effect of a material alteration of a written contract, is not applicable in the case submitted here. That section is as follows: " If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake,

or in an immaterial matter, or not with intent to defraud, if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court. If the alteration be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the contract will be enforced." This section applies to a written contract, that is, an executed agreement, an instrument which before its alteration was effective, and does not apply to a paper like the one referred to in the question propounded by the Court of Appeals, which never became a contract, for the reason, as we have already stated, that the original payee, to whom the indorsers as sureties essayed to become liable, was eliminated, and to whom the paper was never delivered. The paper signed by the indorsers as sureties with intention of becoming liable as such thereon, never, as to them, became a contract, for the reason that it was never delivered to the original payee; and while the form of the paper as it originally existed appears, it was not capable of execution in that form. For the reasons stated the following cases based on the section of the Civil Code last quoted are not controlling in the case here submitted: *Hotel Lanier Co.* v. *Johnson,* 103 *Ga.* 604 (30 S. E. 558) ; *Burch* v. *Pope,* 114 *Ga.* 334 (40 S. E. 227) ; *Miller* v. *Slade,* 116 *Ga.* 772 (43 S. E. 69) ; *Shirley* v. *Swafford,* 119 *Ga.* 43 (45 S. E. 722) ; *Probasco* v. *Shaw,* 144 *Ga.* 416 (87 S. E. 466).

The instant case, as stated in the first question propounded by the Court of Appeals, is somewhat on the line of *Thomason* v. *Wilson,* 127 *Ga.* 141 (56 S. E. 302), but is more distinctly without the scope of the code section last cited than that case.

It follows from what we have said that the facts stated in the first question propounded by the Court of Appeals will support the plea of non est factum filed by all the indorsers. In view of the answer given to the first question it becomes unnecessary to answer the other two questions.                    *All the Justices concur.*