CLAUDE C. WINCHESTER ET AL., PLAINTIFFS IN ERROR, v. E. L. WINN and E. L. WINN CONSTRUCTION COMPANY, DEFENDANTS IN ERROR.*—29 S. W. (2d) 188.

Kansas City Court of Appeals. June 16, 1930.

*Fred W. Coon* and *Walter A. Raymond* for plaintiffs in error.

*Edgar J. Keating* for defendants in error.

BLAND, J.—This is a suit for damages for breach of contract. There was a verdict and judgment in the court below in favor of the plaintiffs (hereinafter called "plaintiffs") in the sum of $879.17. Defendants (hereinafter called "defendants") brought the case here by appeal but thereafter dismissed the same, and on April 29, 1929, sued out a writ of error, returnable the first Monday in October, 1929.

Under the provisions of Section 1502, Revised Statutes 1919, it was the duty of the defendants to cause notice, in writing, of the suing out of the writ of error, to be served upon plaintiffs or their attorney of record twenty days before the return day of the writ. Said section provides that the failure to serve such notice shall result in the dismissal of the writ "unless good cause for such failure be shown." Rule 7 of this court provides:

"All notices of writs of error, with the acceptance, waiver or return of service indorsed thereon, shall be filed with the clerk of this court, and by him attached to the transcript in the cause, and shall be the only evidence that such notice has been given."

On April 7, 1930, this court sustained the motion of plaintiffs to dismiss the writ for the reason that the notice required by section 1502 had not been served.

Defendants have filed a motion to set aside our order dismissing the writ, and as grounds therefor do not claim that a formal notice was served but state that the attorney for plaintiffs, on May 31, 1929, after the suing out of the writ of error and before the time for service of the notice had expired, approved, in writing, the *supersedeas* bond filed by defendants in this case, and that said *supersedeas* bond contains everything that a notice of the suing out of the writ should contain. The *supersedeas* bond commences with the style of the case purporting to be pending in this court upon a writ of error. Where the bond recites the condition of the obligation it describes the suit in the circuit court and states that a writ of error had been issued in the cause by this court for the purpose of reviewing the cause. The bond is dated May 31, 1929, and was filed in this court on June 10, 1929. However, the bond does not purport to be a notice of the suing out of a writ of error, nor does it show any acceptance, waiver or return of service of the writ of error indorsed thereon. It is merely a *supersedeas* bond in the usual form and consequently, the clerk did not act under rule 7 and attach the bond to the transcript. However, the bond contains the following indorsement: "O. K. Edgar J. Keating, Attorney for Plaintiffs."

Plaintiffs insists that this bond cannot be considered as a notice of the suing out of the writ of error such as is required by the statute. The suing out of a writ of error is the commencement of a new suit to annul and set aside the judgment of the court below and is not a continuation of the suit below to which it relates. [Turner v. Edmonston et al., 210 Mo. 411; City of St. Louis v. Butler, 201 Mo. 396; Macklin v. Allenberg et al., 100 Mo. 337.] The notice required by the statute is jurisdictional. It is the process necessary to bring the adverse party into court, and in the service of the notice the statute must be strictly followed. [32

Cyc. 458, 459; Avero v. Wells, 211 S. W. 712; Daugherty v. Perky, 177 S. W. 786; Chas. Wolff Packing Co. v. Walker, 285 S. W. 795; Cella v. Schnairs, 42 Mo. App. 316, 320.]

The approval of the bond by the attorney for the plaintiffs was merely an act of professional courtesy commonly practised by members of the bar, and while it may give rise to an inference that he read the bond and therefrom learned that the writ of error was sued out, the mere knowledge of the adverse party of a suing out of a writ of error is not a substitution for notice of that fact. [3 C. J., p. 1203; Jordan v. Bowman, 28 Mo. App. 608; The McGinnis & Ingels Co. v. Taylor, 22 Mo. App. 512; Kelmel v. Nine, 121 Mo. App. 718.] We think there is no question but that the submission to plaintiffs' attorney of the bond for his approval, the reading of the bond by him and his approval of it did not constitute the notice required by the statute. [See Williams v. Beck, 63 Mo. App. 149; Gluck v. Diebold, 1 Mo. App. 265, 267.] While there is no contention that the action of plaintiffs' attorney in approving the bond constituted a waiver of the required notice, there is no question that it did not do so. [Davenport v. The City of Hannibal, 110 Mo. 574; Kenner v. Doe Run Lead Co., 141 Mo. 248; Daugherty v. Perky, supra; Chas. Wolff Packing Co., v. Walker, supra; Fisher v. Anderson, 101 Mo. 459.]

It is claimed that the submission of the *supersedeas* bond to the attorney for plaintiffs and his approval thereof was "good cause," under the provisions of Section 1502, for the failure to serve the notice within time. There is no merit in this contention. In Williams v. Beck, supra, l. c. the court said: "The good cause which is mentioned in the statute for failure to give notice refers to a case where the party suing out the writ of error has been prevented from giving the required notice, and not to one where he has neglected to give it." The case of German Bank v. Cramery, 184 Mo. App. 481, is clearly not in point.

The second ground upon which plaintiffs in error seek to have the court set aside its order dismissing the writ of error is based upon the sickness of counsel for defendants, it being shown that for a *great portion of the time for a period* of about one year prior to April 3, 1930, plaintiffs' attorney was confined to his home and was incapacitated from doing any work as an attorney; that from the first of August, 1929 to April 3, 1930, said attorney was confined to his home continuously and *unable at any time to attend to any of his business;* that one of the defendants attempted to see said attorney at his home from time to time but was unable to do so, but each time was advised that the attorney in a short time would be able to return to his office; that finally in February, 1930, said defendant employed his present attorneys to look after the

case; that they examined the records and found that no notice of the suing out of the writ of error had been served upon counsel for plaintiffs, which was the first knowledge that defendants had that their former attorney had failed to serve such notice.

Assuming without deciding that the illness of the attorney for defendants was "good cause" for their failure to serve notice of the suing out of the writ of error twenty days before the return day of the writ, there is no excuse given for the failure of defendants or their present attorneys to serve such notice after they discovered that no notice of the suing out of the writ of error had been served. The statute does not excuse the giving of the notice merely because there is good cause for the failure to serve it within the twenty days period. After defendants or their new attorneys discovered the failure of the first attorney to serve the notice, they neither applied to this court for an extension of time in which to serve the required notice upon plaintiffs or their attorney, nor did they serve it without applying for such extension of time. It is therefore unnecessary to decide whether it would have been obligatory to have secured an extension of time before serving the notice, had one been served. No notice having been served at any time, this court has never obtained any jurisdiction over the plaintiffs and our action in dismissing the writ of error was proper.

The motion to set aside the order dismissing the writ of error is overruled. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.