## BROOKS *vs.* M. C. & J. F. KISER.

That the printed blank on which a promissory note was drawn concluded with the words " witness our hand and seal," did not alone make the note a sealed instrument. These words called attention to the attestation to be made, but did not supply the place of a seal or representation thereof after the signature.

(*a.*) The attaching of a seal or scroll after the signature to an instrument, without some recital in the body thereof, will not make such instrument a writing under seal; and it would seem that a recital alone, without the attaching of a seal or scroll, will not make a sealed instrument. 66 Ill., 501 ; 1 Blackf., 241 ; 2 Ld. Raymond, 1536; 5 Johns. R., 239.

December 30, 1882.

CRAWFORD, Justice.

---

## LYLE *vs.* THE STATE OF GEORGIA.

1. An indictment for murder was found in October, 1881. On the trial during the next year, the judge charged as follows : " The defendant, Jeff Lyle, is charged with the murder of Bose Barlow, in the county of Stewart, in September of last year. It is incumbent on the state to satisfy you, beyond a reasonable doubt, of every allegation in that bill, before they could ask at your hands a verdict of guilty. The exact date of a homicide is immaterial ; if you should find from the evidence that Bose Barlow was killed in the county of Stewart last year at any time, that would be sufficient upon the subject of dates" :

*Held*, that a reasonable construction of the charge would be, that it was sufficient as to dates if the homicide occurred during the year, at any time previous to the indictment ; and so construed, it was not error.

(*a.*) The proof showed the homicide to have been prior to the indictment, and if there was error in the charge, it was immaterial.

2. The verdict was right, the charge of the court as a whole was correct, and if there were an isolated inaccuracy in the charge, it would not work a reversal. 56 *Ga.*, 44.

October 3, 1882.

SPEER, Justice.