ECHOLS *v.* PHILLIPS.

1. A promissory note in the body of which there was no recital that it was under seal was not a sealed instrument because there was, after the maker's signature, a scroll embracing the letters "L. S."; nor because underneath the body of the note appeared the words, " Signed, sealed, and delivered in presence of," beneath which no name was signed, and which, from their position on the paper, were evidently designed to be signed by an attesting witness or witnesses, and not intended to constitute a portion of the contract embraced in the note.
2. The promissory note involved in the present case was on its face barred by the statute of limitations, and the court erred in adjudging to the contrary.

Argued January 9, — Decided January 28, 1901.

Complaint — appeal. Before Judge Lumpkin. Fulton superior court. May 14, 1900.

*W. H. Terrell*, for plaintiff in error. *G. L. Bell*, contra.

LEWIS, J. K. D. Phillips instituted suit in a justice's court against J. E. Echols, on a promissory note for $100 principal, dated February 1, 1892, and due on demand. The suit was instituted on the 9th day of December, 1898, more than six years after the note became due. The defendant entered a plea of the statute of limitations, which was overruled by the magistrate, and judgment was rendered for the plaintiff. The defendant took the case by appeal to the superior court. The only evidence introduced on the trial was the note sued on. Upon motion of counsel the court directed a verdict in favor of the plaintiff for the amount sued for, and entered judgment thereon, to which ruling the defendant excepted. It appears from the record that the original note, which was in printed form, had nothing in the body of it to indicate the intention of the maker to execute a sealed instrument. He signed his name at the bottom to the right, beside the printed initials "L. S." To the left of the maker's signature were the printed words, " Signed, sealed, and delivered in presence of," the signature beginning entirely to the right of the words quoted. Under these words were dotted lines, clearly intended for the signature of a witness or witnesses. The note was not attested by any witness.

The judge of the superior court evidently decided that this was a sealed instrument, and therefore not barred until the lapse of twenty years. In this conclusion we think he was mistaken. The words, "Signed, sealed, and delivered in presence of," were evi-

dently not intended.to be the language or thought of the maker, but were rather intended to be the expression of whatever witnesses might attest the paper. The decision in *Humphries* v. *Nix,* 77 *Ga.* 98, which seems to be relied upon by counsel for defendant in error, we do not think is at all applicable to this case. There it was decided that "where at the end of a note were the words, 'Signed and sealed,' followed by the signature of the maker and a scroll for a seal, with the letters 'L. S.' written across it, this was equivalent to the words, 'Witness my hand and seal,' followed in the same way, and the paper was a sealed instrument under § 2915 of the Code." An examination of the original record in that case discloses the fact that the words "Signed and sealed" were in the body of the note. There was nothing to indicate that they were placed there for the attestation of a witness, for, while there was a witness to the note, his signature was below and on the left of the body of the note, in nowise connected with the words "Signed and sealed," and was preceded by the word "Attest." The signature of the maker, followed by the letters "L. S." in a scroll, was written directly under the words "Signed and sealed," so that this court could not but place upon the words the construction set out in the decision cited. It will be seen that this has no application to the facts in the case at bar. The words by which it is sought to make it appear that this was a sealed instrument were on a portion of the paper where witnesses ordinarily attest, and in the language generally used for such attestation. There is nothing to show that the maker intended to use the words as his own. We therefore think that the court erred in deciding that this was a sealed instrument, and in refusing to direct a verdict for the defendant below on the ground that the note sued on was barred by the statute of limitations.

*Judgment reversed. All the Justices concurring.*