### SIMONS & COMPANY *v.* McDOWELL *et al.*

1. "If a party makes a contract in such a manner as is authorized by law, he has a right to object to being bound by any other. A bona fide holder before maturity is allowed to receive the genuine contract, discharged from any equities attaching to the contract itself, as between the original parties, but he can not get a contract where none was made."
2. A paper in the form of a negotiable promissory note payable to A, on which B and C appeared as joint makers, and D as indorser, though C and D were mere sureties, was, without the consent of C and D, altered so as to convert it into a draft on which B and C appeared as joint drawers, and D as drawee and acceptor. It did not appear by whom the alteration was made. In its altered condition it was transferred by the payee, before maturity, to a purchaser for value, who bought in good faith and without notice of the fact of alteration. *Held*, that the alteration was a material change in the instrument, rendering the persons who were merely sureties bound in a different capacity from that in which they had agreed to be liable; and that the purchaser could not recover on the paper in its altered condition, against those who were only sureties for the principal debtor on the original paper.
3. Assignments of error upon the refusal of written requests to charge will not be considered, when the written requests to charge do not appear in the record, properly identified by the trial judge.
4. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued March 2,—Decided March 28, 1906.

Complaint. Before Judge Littlejohn. Stewart superior court. March 22, 1905.

Max Simons & Co. brought suit on two drafts, against McDowell and Pinkston as drawers, and Irvin as acceptor. The Bank of Southwestern Georgia was the payee named in the drafts, and had indorsed them in blank, without recourse. It was alleged that the plaintiff was a bona fide holder for value before maturity. The defendants filed a joint plea of non est factum. McDowell and Irvin filed a further plea, alleging that they were sureties on two notes made by Pinkston for the amount sued, and that after they had signed the notes, McDowell signing as a coprincipal with Pinkston,

and Irvin as indorser, the notes, without their knowledge or consent, were altered so that they became drafts, wherein McDowell appeared as a codrawer with Pinkston, and Irvin as an acceptor, and that this was a novation of the contract, which released the defendants as sureties. Pending the litigation Pinkston died, and his administrator, Brown, was made a party. The jury returned a verdict in favor of the plaintiff for the full amount sued for, against Pinkston, and found for McDowell and Irvin. The motion for a new trial was overruled, and the plaintiff excepted.

Cited as to alteration of written contract: *Ga. R.* 10/235; 17/522; 30/129; 59/673; 64/221; 75/372; 77/463; 91/827; 92/233; 96/126; 100/136; 101/228(1), 832; 103/604; 109/182; 114/334(2); 116/772, 930(4); Civil Code, §§ 3702, 2968-9, 2970-1; 3 Rand. Com. Pap. §§ 1777, 1888.

*J. E. Chapman* and *E. T. Hickey,* for plaintiffs.

*J. T. Harrison* and *E. A. Hawkins,* for defendants.

COBB, P. J. (After stating the foregoing facts.) One of the grounds in the motion for the new trial was the failure of the court to charge that "if Simons & Co. came into possession and ownership of the two notes sued on for value, before maturity, and in good faith, they would be entitled to recover thereon, unless notice was brought to them that said papers had been changed or altered in a material part thereof." If the court had charged this doctrine, it would have committed a serious error. If the two defendants were sureties, as they claimed, and a variation in the terms of the contract had been brought about by an alteration of the instrument, i. e. changing the notes to drafts, it was immaterial whether a holder of the drafts was a bona fide purchaser before maturity or not. The change in the terms of the contract releases the surety from liability as against any person, no matter how he comes into possession of the instrument. If the alteration be admitted, the contract becomes one to which the surety is not a party, and he can not be sued "upon a debt he never did contract." *Hill* v. *O'Neill,* 101 *Ga.* 832.

2. Error is also assigned, "because movant contends the court refused and failed to determine and decide whether the alteration was material or not, and the failure to do so was error, as it is not a matter to be determined by the jury." It appears, from the charge, that the court instructed the jury that if the alterations

were made as contended by the defendants, they were material. There is, therefore, no merit in this assignment.

3. Another assignment of error is, that "the court erred in not giving in charge the written request made by the plaintiff." No written request to charge, properly identified by the trial judge, appears in the record. There are two sheets with the heading, "request to charge." There is nothing in the record to show that these were the requests submitted in the trial of the case, and therefore we can not pass upon this assignment. The charge of the court was full, and correctly set forth the law of the case.

4. The evidence was conflicting, and the jury would have been authorized to find for either side. The trial judge has approved the verdict, and we will not undertake to control his discretion.

*Judgment affirmed. All the Justices concur.*