### 3559.   WATERMAN *v.* BARCLAY *et al.*

A promissory note, in the body of which there is no recital indicating that it is to be a sealed instrument, does not, under the statute of this State, become a sealed instrument because there is placed after the maker's signature a scroll, or the letters "[L. S.]," or any device of similar import; nor because underneath the body of the note are written or printed the words, "Signed, sealed, and delivered in presence of," followed by the name of a subscribing witness.

DECIDED NOVEMBER 20, 1911.

Complaint; from city court of Jeffersonville—Judge Shannon. April 16, 1911.

*Oliver C. Hancock,* for plaintiff.

*L. D. Moore,* for defendants.

POWELL, J.   The plaintiff sued on notes.   The defendant filed a demurrer, on the ground that the petition showed on its face that the action was barred.   More than six years had elapsed since the notes became due, and it is conceded that, unless they are held to be instruments under seal, the demurrer is well taken.   Under our statute (Civil Code (1910), § 4359), "no instrument shall be considered under seal unless so recited in the body of the instrument." It is well settled that merely to add the word "[Seal]," or the letters "[L. S.]," after the signature, does not make the instrument a sealed instrument.   In this case there is no recital in the body of the note indicating any intention of creating a sealed instrument. The letters "[L. S.]" follow the signature, and on the corner opposite the signature, and below it, are the words, "Signed, sealed, and delivered in presence of," followed by the signature of an attesting officer.

The plaintiff contends that this recital in the attesting clause is a sufficient compliance with the statute, and relies on the case of *Humphries* v. *Nix,* 77 *Ga.* 98.   In that case it was held that "where, at the end of a note, were the words, ' Signed and sealed,' followed by the signature of the maker and a scroll for a seal, with the letters ' [L. S.] ' written across it, this was equivalent to the words, ' Witness my hand and seal,' followed in the same way, and the paper was a sealed instrument."   This case was considered and distinguished in *Echols* v. *Phillips,* 112 *Ga.* 700 (37 S. E. 977), it being there pointed out that in the *Humphries* case an inspection of the record showed that the words "Signed and sealed" were in the body of the note, and that there was nothing to indicate that they

were placed there for the attestation of a witness. In the case cited from 112 *Ga.* 700 (37 S. E. 977), it was held: "A promissory note, in the body of which there was no recital that it was under seal, was not a sealed instrument because there was, after the maker's signature, a scroll embracing the letters ' [L. S.] '; nor because underneath the body of the note appeared the words, ' Signed, sealed, and delivered in presence of,' beneath which no name was signed, and which, from their position on the paper, were evidently designed to be signed by an attesting witness or witnesses, and not intended to constitute a portion of the contract embraced in the note."

The plaintiff tries to distinguish the case in the 112 *Ga.* 700 (37 S. E. 977), on the ground that in that case no witness had attested, while in this case there was an attesting witness. If any importance at all is to be attached to this circumstance, it only adds weight to the conclusion that the words, "Signed, sealed, and delivered," appearing in the note here sued on, were not intended to be a part of the body of the instrument, but were only intended to be a part of the attesting clause, and were in fact a part of it.

The court did not err in dismissing the suit on the ground that it was barred by the statute of limitations.

*Judgment affirmed.*