*Payne & Jones* and *A. C. & J. H. McCalla,* contra.

---

## COOPER *v.* DIXIE COTTON COMPANY.

LUMPKIN, J. 1. A contract in writing which closed with the words, "In witness whereof we have set our signature as below written, this 9th day of August, 1913, at Swainsboro, Ga.," but did not recite that it was under seal, was not a sealed instrument, although after the signatures were written the letters "L. S." inclosed in brackets. Civil Code (1910), § 4359.

2. A petition by a corporation alleged that the defendant entered into a written contract with the agent of the plaintiff, who was authorized to act for it, and whose act was ratified by it, and the contract accepted by it. The copy of the contract attached to the petition was signed by the defendant and by the plaintiff corporation by the named agent. *Held,* that the petition was not demurrable on the ground that the contract was not signed by the plaintiff, and was therefore unenforceable.

3. A written contract recited the payment of one dollar by the purchaser of cotton to the seller thereof, and that the latter had sold to the

3

former one hundred bales of cotton of a specified grade and weight, and baled in a certain manner, with a stated kind of bagging and number of hoops, at a fixed price. It contained the following clause: "It is further understood and agreed that there shall be actual, physical delivery of cotton herein sold, and not a settlement of the differences based on the market value of the goods on the day fixed for delivery." It fixed the date of delivery in lots of not less than 25 bales each, and then stated: "Cotton to be paid for by the [buying company] upon delivery to them by the seller and their acceptance of the same." It further provided that in case of disagreement under this contract, as to weight of the bale, or the interpretation thereof, such matters should be settled by arbitration; and, in the event of disagreement as to grade of the cotton, that samples should be sent to the Savannah Cotton exchange for classification, which should be final. This contract was signed by the seller, and by the buyer through a named agent. *Held,* that it was not on its face unilateral; and when taken in connection with the allegations set out in the second headnote above, the demurrer based on that ground was properly overruled.

4. Under the evidence, there was no error in directing a verdict for the plaintiff. *Dozier* v. *Davison & Fargo,* 138 *Ga.* 190 (74 S. E. 1086); *Terry* v. *International Cotton Co.,* 138 *Ga.* 656 (75 S. E. 1044).

5. There was no error in the other rulings, requiring a new trial.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J., dissenting. 1. I concur in the rulings made in the 1st, 2d, and 3d headnotes. In the absence of any special demurrer, it can not be held that it appears on the face of the petition that the agent was without authority to sign the contract on behalf of his principal.

2. I dissent from the ruling announced in the 4th headnote. Under the evidence, I am of the opinion that it did not appear that the agent was authorized to bind his principal by signing the contract, or that prior to the bringing of the suit there was ratification which would operate to make the contract binding on both sides; and as the defendant refused to deliver the cotton before suit was brought, a verdict against him was unauthorized.

AUGUST 13, 1915. REHEARING DENIED SEPTEMBER 18, 1915.

Complaint. Before Judge Hawkins. Emanuel superior court. June 6, 1914.

*Saffold & Jordan,* for plaintiff in error.

*Davis & Sturgis, Williams & Bradley,* and *Hines & Jordan,* contra.