### 15384. MARBUT v. HAMILTON.

BELL, J. 1. As the notes sued on recited merely that they were given "under the *hand* of" the maker, and had no actual seal attached, they were not sealed instruments, although the signature upon each was followed by the letters "(L. S.)". *Echols* v. *Phillips*, 112 *Ga.* 700 (1) (37 S. E. 977); *Jackson* v. *Augusta Southern R. Co.*, 125 *Ga.* 801 (54 S. E. 697); *Waterman* v. *Barclay*, 10 *Ga. App.* 108 (72 S. E. 716).

2. It appears from the allegations of the petition that both notes became due more than six years before the filing of the suit, and, therefore, that the cause of action inhering in each was barred by the statute of limitations before the suit was filed. Civil Code (1910), § 4361.

3. The statute of limitations may be set up as a defense at the trial term by a motion to dismiss the complaint, when from the allegations thereof the cause of action appears to be barred by the statute. *Davis* v. *Boyett*, 120 *Ga.* 649 (1) (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. Rep. 118, 1 Ann. Cas. 368). The motion so made in this case was meritorious, and was not met by the mere fact, certified by the trial judge, that "the original note was presented to the court, which showed that it had not been correctly copied in the petition." In view of this motion it was not proper to require the defendant to go to trial, where it appeared *by the petition itself* that the notes sued on were barred. This is especially true since the notes introduced in evidence differed in other material respects from the copies attached to the petition, irrespective of whether the objection made at the trial to their introduction was sufficient to require their exclusion from the evidence. No amendment whatsoever being offered to the petition, it was error to overrule the motion, and the subsequent trial was thereby rendered illegal.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 23, 1924.

Complaint; from Cobb superior court—Judge Blair. January 12, 1924.

*A. W. White, J. Glenn Giles,* for plaintiff in error.