17119.   NEAL, administratrix, *v.* HARBER *et al.,* executors.

1. Where a person's name is signed for him, at his direction and in his
presence, by another, the signature becomes his own.   The relationship
of principal and agent is not thereby created, nor does the doctrine of
such a relationship become· involved.   36 Cyc. 451, e.   See also Civil
Code (1910), § 3846.   Where an agent, acting in his fiduciary capacity
and exercising his discretion as such, signs for his principal, he thereby
binds his principal by virtue of his authority as agent; but where a
person's name is written for him, at his direction and in his presence,
by another, the signature is his own, and the person thus writing his
name is but the mere instrumentality by which the person bound ex-
ercises his own discretion and acts for himself.   Moreover, even if the
rule were otherwise, and it were possible to say that the relationship of
principal and agent could be thus established, under the principles of
that doctrine the power and authority of such an agency would extend
no further than the special purpose for which it was created; and in the
instant case, it being apparent to all parties concerned at the time of
the transaction that the wife was merely authorized by the husband to
indorse his name on the check for him and in his presence, and there
being nothing to indicate any authority delegated to her by which she
could thereafter designate the purposes for which the money was to be
used, the creditor had the right to appropriate it at his election.   "When
a payment is made by a debtor to a creditor holding several demands
against him, the debtor has the right to direct the claim to which it
shall be appropriated.   If he fails to do so, the creditor has the right to
appropriate at his election."   Civil Code (1910), § 4316.

2. Assuming, but not deciding, that the deed given to secure the note sued
on was void on account of uncertainty in the description of the land
conveyed, neither the grantor nor his administrator could be heard to
attack it on such ground by resisting the setting up of a special lien
upon the property as described, since for themselves they would be
estopped from setting up such invalidity; nor would they be entitled to
thus intervene for the protection of other persons who might have an
interest in attacking the validity of the conveyance, but who would not
be bound by the judgment, and who would be entitled to protect their
own interests by proper proceedings taken in their own behalf.   27 Cyc.
1550, b; *Hall* v. *Davis,* 73 *Ga.* 101; *Marable* v. *Mayer,* 78 *Ga.* 60; *Hall* v.
*Armor,* 68 *Ga.* 449 (4) ; *Crosby* v. *DeGraffenreid,* 19 *Ga.* 290; *Moran* v.
*Bank of Forsyth,* 129 *Ga.* 599 (59 S. E. 281).

DECIDED JULY 20, 1926.

Complaint; from city court of Elberton—Judge Nall.   Decem-
ber 22, 1925.

Agency, 2 C. J. p. 584, n. 10; p. 585, n. 14.
Appeal and Error, 4 C. J. p. 939, n. 22.
Deeds, 18 C. J. p. 158, n. 70.
Mortgages, 27 Cyc. p. 1551, n. 95, 97.
· Payment, 30 Cyc. p. 1228, n. 54; p. 1233, n. 73.
Signature, 36 Cyc. p. 451, n. 28.
Vendor and Purchaser, 39 Cyc. p. 1663, n. 19 New.

*G. P. Martin, John J. Strickland, Rupert A. Brown,* for plaintiff in error.

*E. C. Stark,* contra.

JENKINS, P. J. Neal was indebted to the estate of G. W. D. Harber in the sum of $1,000, evidenced by a certain promissory note secured by a deed to a tract of land described as follows: "All that tract or parcel of land lying and being in Franklin County, Ga., Ashland District G. M., and bounded as follows: Beginning at a stone S. 14 W. 8.94 to P. O. near Royston Road, thence S. 23-1/2 E. 12.10 to Hickory, thence S. 12-3/4 E. 12.00 to Pine, thence S. 16.00 W. 19.00 to stonepile, thence N. 47-1/4 W. 22.50 to stone, thence N. 51-1/4 W. 7.13 to stone, originally white oak, thence N. 15.00 E. 24.10 to stone agreed on, one foot East of Hickory, thence N. 23-1/2 E. 15.00 to Hickory, thence S. 71-1/4 E. 9.00 to beginning stone corner; containing ninety three and 3/4 acres, more or less." Neal also owed said Harber estate an additional sum of $10,000, which was secured by deed to other lands, and as additional security for which the bond for title executed by Harber to Neal, conditioned to reconvey the tract above described upon payment of said debt of $1,000 secured thereby, had been transferred to the estate of said Harber. The Atlas Insurance Company owed Neal approximately $5,000 on a claim for loss sustained by him on account of the burning of certain property insured. Neal executed to the executors of the Harber estate an order on the insurance company for the payment of $2500 of the amount due him by the insurance company, to be applied on the debts he owed the Harber estate. This order was never accepted by the insurance company, but a draft in the amount due to Neal was delivered to one of the executors of the Harber estate, who carried it to the residence of Neal to procure his indorsement thereon. Neal had been wounded by a gunshot, and was very seriously sick at the time the executor visited him, and died within thirty minutes after he left. The executor of Harber told Neal what he desired, but Neal was too weak to indorse the draft himself and directed his wife to indorse his name thereon, which she did in his presence. The executor then inquired of Neal whether he could not pay more than the $2500 theretofore agreed to be paid from the proceeds of the insurance claim; and Neal replied that he could not do so, for the reason that he would

need some money on account of his sickness. The executor then inquired of Neal how he desired the payment of $2500 appropriated, whether to the note for $10,000, or whether he desired the note for $1,000 retired and the balance of the payment applied to the other note. Neal made no reply, but his wife told the executor that "we wanted it applied on the home place and get it free from debt." The note for $1,000 was secured by deed to the tract of land above described, known as the "home place." The executors of the Harber estate applied all of the payment of $2500 as a credit on the $10,000 note, and, after the death of Neal, brought suit against his administratrix upon the $1,000 note, praying for a special lien upon the land described for the amount of the judgment sought. The administratrix filed a defense in which she set up that the note sued on had been paid, by reason of the fact that her intestate had directed the appropriation of the proceeds of the draft above described, so far as necessary, to the extinguishment of the note sued on, but that instead of complying with such direction the executors had applied all of the payment as a credit on the note for $10,000. She further set up, by way of amendment, that the description in the deed executed by Neal to secure the note sued on was too vague, indefinite, and uncertain to render the subject-matter of the deed capable of identification, and that therefore the deed was void and the plaintiffs were not entitled to the special lien asked for thereon, but that defendant, as administratrix of her husband's estate, was entitled to administer the same for the benefit of the creditors, and to apply the proceeds according to the priorities established by law. On written motion by plaintiffs the trial judge struck the amendment. To this ruling the defendant filed exceptions pendente lite, and now assigns error thereon. The case proceeded to trial; and the jury returned a verdict in favor of the plaintiffs in the full amount of the $1,000 note sued on, with interest, and further found for the plaintiffs a special lien on the property described for the amount of the verdict. Motion for a new trial was filed by defendant. It was overruled, and she excepted. *Judgment affirmed. Stephens and Bell, JJ., concur.*