### BAXLEY HARDWARE COMPANY *et al. v.* MORRIS.

GILBERT, J. 1. "Any contract for sale of lands, or any interest in or concerning them," to be binding upon the promisor, must be in writing signed by the party to be charged therewith, or some person by him lawfully authorized. Civil Code (1910), § 3222 (4). The contract sought to be canceled in this proceeding, purporting to be a lease of real estate for a period of seven years, falls under the section cited.

2. The foregoing section does not apply "where there has been performance on one side, accepted by the other in accordance with the contract," and "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Civil Code (1910), § 3223 (2, 3).

3. "A deed to lands is not required to be under seal in this State." *A., K. & N. Ry. Co.* v. *McKinney*, 124 *Ga.* 929 (5) (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); *Patterson* v. *Burus*, 150 *Ga.* 198 (103 S. E. 241). "A lease contract to land for years is likewise not required to be executed under seal." *United Leather Co.* v. *Proudfit*, 151 *Ga.* 403, at p. 405 (107 S. E. 327), and cit.

4. The contract sought to be canceled in this case concluded as follows: "This contract entered into in duplicate this the 21st day of September, 1921. Mrs. F. A. Morris (L. S.) Baxley Hardware Co., by D. M. Minchew (L. S.) Signed, sealed, and delivered in presence of J. C. Rogers." Nowhere in the body of the instrument are to be found any words indicating that it was the intention of the signers thereof that the instrument should be under seal. It is well settled that the intention to execute a sealed instrument must be indicated in the body of the instrument as well as after the signatures. *Echols* v. *Phillips*, 112 *Ga.* 700 (37 S. E. 977); *Jackson* v. *Augusta &c. R. Co.*, 125 *Ga.* 801 (54 S. E. 697), and cit.; *Thomason* v. *Wilson*, 127 *Ga.* 141 (56 S. E. 302); *Burkhalter* v. *Perry*, 127 *Ga.* 438, 441 (56 S. E. 631, 119 Am. St. 343); *Cooper* v. *Dixie Cotton Co.*, 144 *Ga.* 33 (86 S. E. 242). The phrase, "Signed, sealed, and delivered in the presence of," preceding the name of the witness, does not indicate any intention of the parties. It is merely a statement by the witness.

5. "No instrument shall be considered under seal unless so recited in the body of the instrument." Civil Code (1910), § 4359. This section has been applied to contracts for the purchase of land, which would include contracts for the purchase of an interest in land, such as the purported lease here sought to be canceled. *Elrod* v. *Bagley*, 150 *Ga.* 329 (103 S. E. 841).

6. The purported lease not being a sealed instrument, the authority of W. W. Morris to sign the name of his wife thereto was not required to be

Agency, 2 C. J. p. 452, n. 29; p. 457, n. 73.

Deeds, 18 C. J. p. 191, n. 51.

Frauds, Statute of, 27 C. J. p. 192, n. 72; p. 210, n. 22; p. 343, n. 96; p. 350, n. 56; p. 381, n. 71 New; p. 383, n. 96; p. 385, n. 25.

Landlord and Tenant, 35 C. J. p. 1153, n. 67.

Seals, 35 Cyc. p. 1170, n. 15; p. 1173, n. 32; p. 1174, n. 39.

under seal; but being required to be in writing, where the agent signs for the principal the agent's authority must be in writing.

7. Parol evidence was admissible, tending to prove that Mrs. Morris knew of the contract and of the monthly payment of rents, and that the defendant expended from $1500 to $2000 in making improvements on the property as contemplated under the rental contract. The court erred in rejecting such evidence.

8. Under the pleadings and the evidence, including that referred to in the preceding headnote, and testimony by plaintiff that she made her husband her general agent, the jury would have been authorized to find that, although the contract was required to be in writing and the written contract was not binding because plaintiff's name was signed by her agent without written authority, yet, on account of the improvements made by the defendant as contemplated in the rental agreement and its possession of about four years and payment of the rent accepted by plaintiff, the plaintiff was estopped from denying the validity of the contract. Civil Code (1910), § 3223 (2, 3); *Petty* v. *Kennon*, 49 *Ga.* 468; *Steininger* v. *Williams*, 63 *Ga.* 475; and compare *Marshall* v. *Hicks*, 159 *Ga.* 871 (127 S. E. 273); *Sikes* v. *Carter*, 30 *Ga. App.* 539 (118 S. E. 430); *Simonton* v. *Ins. Co.*, 51 *Ga.* 76.

9. The demurrer to the petition was properly overruled. The court erred in directing a verdict for the plaintiff, and in overruling the motion for new trial.        *Judgment reversed. All the Justices concur except*

ATKINSON, J., who dissents from the rulings expressed in the seventh and eighth headnotes, upon principles that are fully stated in the dissenting opinion in *Brandon* v. *Pritchett*, 126 *Ga.* 286.

No. 5996. DECEMBER 15, 1927.

Equitable petition. Before Judge Knight. Appling superior court. February 19, 1927.

Mrs. F. A. Morris filed a petition for cancellation and injunction, alleging that the Baxley Hardware Company occupied premises owned by her, which she described; that such occupancy was under a lease which, so far as she was concerned, was verbal only and for five years only, but that she had learned shortly before bringing suit that said company held a lease for seven years purporting to have been executed by her; that she had never executed any written instrument leasing said property, and had never authorized any person to do so in her behalf; "however, that she considered her agreement to rent said building to said Baxley Hardware Company for a period of five years as a binding obligation upon her, and that in pursuance of said agreement she had permitted said Baxley Hardware Company to continue to occupy said building, although she had never executed to it any lease or contract of rental of any kind whatsoever." In her testimony at the trial was the following: "The Baxley Hardware Company,

with Mr. Minchew in charge, has occupied that building for a great many years—I suppose about two years before this five years. I imagine it is about seven years with this year. . . The way I made agreements with Mr. Minchew about the rent, he asked Mr. Morris about it, and Mr. Morris came and asked me. I told him to let Mr. Minchew have it for five years. Mr. Minchew talked with me about it. Mr. Morris and Mr. Swain have been looking after that property for me ever since I have owned it. Up until Mr. Swain married into my family, Mr. Morris helped tend to the business. With my consent he looked after it entirely for me. I knew what he was doing and had him to look after it for me. He rented it at times for me and collected the rent for me. He told me where there was any changes made, and he always consulted me. I told him to go ahead and rent my property. I did not tell him to rent it for seven years, but I told him to go ahead and make contracts of rental. . . He would ask me about how to rent it. I didn't tell him to go ahead and rent it like he thought it ought to be. I never did at any time make any rental contract with anybody myself. . . I don't remember how many years . . I have owned the business. I imagine something like 20 years, something like that. That has been true as to all of my affairs—I have had Mr. Morris [husband of petitioner] to look after them." Shown the purported lease for seven years, petitioner testified that the subscription of her name thereto was by her husband, as she knew his handwriting, but that she did not know of the paper until January 11, 1926, which was the month in which suit was brought.

   *J. P. Highsmith* and *Wade H. Watson,* for plaintiffs in error.

   *J. B. Moore* and *Gordon Knox,* contra.