20260. JOHNSON v. INTERNATIONAL AGRICULTURAL CORPORATION.

BELL, J.  1. In order to render a promissory note a sealed instrument, the intention to execute it as such must appear both in the body of the instrument and after the signature. *Jackson* v. *Augusta Southern Ry. Co.,* 125 *Ga.* 801 (54 S. E. 697); *Brooks* v. *Kiser,* 69 *Ga.* 762. It has also been held that the phrase, "Signed, sealed, and delivered in the presence of," or the like, above the space for witnessing, does not indicate any intention of the parties to execute a sealed instrument, but is merely a statement to be signed by a witness or witnesses. *Echols* v. *Phillips,* 112 *Ga.* 700 (37 S. E. 977); *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (4) (140 S. E. 869). But in the instant case the signature of the maker of the instrument sued on was immediately preceded by the words, "Given under the hand and seal of each party," and was immediately followed by the word "Seal," and this was a compliance with the rule that the intention to execute a sealed instrument must be indicated in the body of the note as well as after the signature. *Barnes* v. *Walker,* 115 *Ga.* 108 (41 S. E. 243).

2. The court did not err in overruling the defendant's demurrer upon the ground that the cause of action appeared to be barred by the statute of limitations.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 29, 1930.

*Dampier & Watson,* for plaintiff in error.
*R. I. Stephens,* contra.