23272. HAMBY *et al. v.* CRISP.

DECIDED FEBRUARY 5, 1934.

*Holden & Smith, J. T. Davis, Wheeler & Kenyon,* for plaintiffs in error.

*J. H. Skelton, J. B. Jones,* contra.

JENKINS, P. J. 1. The notes sued on having been executed, and the alleged alteration having been done, prior to the enactment of the uniform negotiable-instruments law of August 18, 1924, the questions presented are to be determined by the law as it was prior to that date.

2. Where one signs his name on the back of a promissory note merely as an accommodation indorser, and has not undertaken as a "technical indorser" to assign the instrument to another, his status being that of a surety (Civil Code of 1910, § 3541), not only must the language on the face of the instrument expressly

indicate that it is a sealed instrument, but the signature of such indorser must be accompanied by a seal, scrawl, or other mark intended as a seal (Civil Code, § 5), such as the letters "L. S.," in order to render the obligations of such an indorser an instrument under seal. Civil Code, § 4359; *Ridley* v. *Hightower,* 112 *Ga.* 476, 478 (37 S. E. 733) ; *Cooper* v. *Dixie Cotton Co.,* 144 *Ga.* 33 (86 S. E. 242) ; *Latham* v. *Kolb,* 76 *Ga.* 291, 293; *Brooks* v. *Kiser,* 69 *Ga.* 762; *Wilhelms* v. *Parloine,* 72 *Ga.* 898; *Lanier* v. *Berry,* 41 *Ga. App.* 34, 36, (151 S. E. 821) ; *Thompson* v. *Bank of Buckhead,* 45 *Ga. App.* 94 (163 S. E. 255) ; *Marbut* v. *Hamilton,* 32 *Ga. App.* 187 (122 S. E. 738) ; *Mitchell* v. *Graham,* 27 *Ga. App.* 60 (107 S. E. 373). With regard to the rule as to "technical indorsers," see *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762, 764 (42 S. E. 1002) ; *Milledge* v. *Gardner,* 29 *Ga.* 700. Where language in the face of a promissory note recites that it is a sealed instrument, and the signature of an accommodation indorser on the back of the note is accompanied by a seal or its equivalent, it is unnecessary for an additional recital to appear on the back of the note above the signature of such indorser that his obligation is one under seal, in order to render it such. This is for the reason that his indorsement under seal accepts and binds him, as a surety, upon the contract of the maker on the face of the paper, which includes the recitals above the signature of the maker.

3. "Actions upon bonds or other instruments under seal shall be brought within twenty years after the right of action accrues." Civil Code, § 4359. Actions upon promissory notes not under seal must be brought within six years after the same become due and payable. Civil Code, § 4361.

4. Under the preceding rulings, where the face of a promissory note contained the recital that it was given "under the hand and seal of each party," and the note was signed by the maker on its face with the letters "L. S." following his signature, and by three accommodation indorsers on the back with the letters "L. S." following their signatures, the note was a sealed obligation both as to the indorsers and the maker, without the necessity, as to the indorsers, of repeating on the back of the note, above their signatures, that it was executed under their seals. Accordingly, on the general grounds of the motion for new trial by the accommodation indorsers, after a judgment against them in favor of the plaintiff

payee, in an action brought on the note eight years after its maturity, the court did not err in denying a new trial to such indorsers upon the contention, under their plea of the statute of limitations, that the instrument was not, as to them, a specialty because it was not recited on the back of the note above their signatures that their obligation was under seal. For the same reason, the 4th special ground of the motion for a new trial is without merit, the instruction complained of having correctly stated the law as to what constitutes sealed instruments and as to their period of limitation.

5. The change of a promissory note from an instrument not under seal to one under seal, thus extending the period of limitations from six to twenty years, is a material alteration. Where the face of the instrument recites that it is a sealed obligation, but a seal or its equivelent is omitted from the signature of an accommodation indorser on the back, the addition of a seal or its equivalent following such signature after the execution and without the consent of the indorser constitutes a material alteration of his contract.

6. "If a party makes a contract in such a manner as is authorized by law, he has a right to object to being bound by any other." *Simons* v. *McDowell,* 125 *Ga.* 203 (53 S. E. 1031). This elementary general rule has particular application to material changes in contractual obligations of sureties when made without their consent, and their liability is thereby extinguished. Civil Code, § 3543. By statute, existing before and since the enactment of the negotiable-instruments law in 1924, "an accommodation indorser is considered merely as a surety." Civil Code, § 3541. A material change in the contract of an accommodation indorser, without his express or implied consent, will defeat an action against him by the payee or holder of a promissory note, seeking to recover upon the paper in its altered condition, even though it does not appear by whom the alteration is made. *Simons* v. *McDowell,* supra; *Hill* v. *O'Neill,* 101 *Ga.* 832, 834-837 (28 S. E. 996); *Washington Loan & Bkg. Co.* v. *Holliday,* 26 *Ga. App.* 792, 794-796 (107 S. E. 370). Thus, under the law in force at the time of the execution of the note here involved, the provisions of section 4296 of the Civil Code, that the alteration must have been "intentional" and "by a person claiming a benefit under" the contract, that "if the alteration be unintentional . . or not with intent to defraud, if the contract as originally executed can be

discovered and is still capable of execution, it will be enforced by the court," and that "if the alteration be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the, contract will be enforced," did not apply to alterations in the contracts of accommodation indorsers or sureties upon promissory notes or other contracts of suretyship. The rule as to alterations in these contracts, under the old law, was apparently the same as exists under the present negotiable-instruments law. See Michie's Code, § 4294(124, 125); *Broughton* v. *West*, 8 *Ga.* 248; *Cook* v. *Parks*, 46 *Ga. App.* 749 (169 S. E. 208); Beutel's Brannan's Neg. Inst. Law, 938, 954. But irrespective of whether or not a material alteration in the contract of an indorser would render his obligation wholly void and extinguish all of his liability, or would result merely in permitting the holder of the instrument to sue upon the original obligation if it can be restored, the latter rule would not aid the plaintiff payee of the note in the instant case—if the alleged alteration by adding "L. S." after the signatures of the indorsers was *in fact* made; since the restoration of the original contract would leave it only an unsealed instrument, upon which an action would be barred after six years, so that, the suit not having been brought until eight years after maturity of the note, the defendants' plea of the statute of limitations would be sustained.

(*a*)  Under the general grounds, upon the issue as to whether the alteration was actually made, the rule was applicable that "alterations, even though apparent on the face of an instrument, are ordinarily presumed to have been made prior to its execution," and that a sworn special plea of non est factum "casts upon the plaintiff the burden to establish by proof the execution of the writing as sued on," but where the defendant, by such a plea, "admits the execution of the instrument, but seeks thereby to set up material alterations which are not apparent on the face of the paper, a different rule as to the burden of proof prevails; and in such a case, despite the filing of such a plea, it is still incumbent on the defendant to establish the fact that the instrument, though apparently unaltered, is in fact materially different from the writing actually signed." *Craig* v. *Nat. City Bank*, 26 *Ga. App.* 128 (2) (105 S. E. 632).  But bare presumptions of law give way to testimony, which may shift the burden of proof or of proceeding to the

opposite party, and he is then not entitled to prevail upon the presumption alone. Civil Code, §§ 5746, 5747. Whether the presumption has been successfully rebutted with testimony is ordinarily a question for the jury. *Mobley* v. *Lyon,* 134 *Ga.* 125, 130 (67 S. E. 668). Where there is proof of facts or circumstances to support the presumption, and the evidence as a whole is conflicting, a verdict in favor of either party will not be disturbed upon general grounds. *Atlantic R. Co.* v. *Williams,* 120 *Ga.* 1042 (48 S. E. 404); *Darien R. Co.* v. *Thomas,* 125 *Ga.* 801 (54 S. E. 692); *Western R. Co.* v. *Waldrip,* 18 *Ga. App.* 263 (89 S. E. 346). See also *Jones* v. *Teasley,* 25 *Ga. App.* 784, 787 (105 S. E. 46). In the instant case, the alleged adding of "L. S." after the signatures of the defendant indorsers not appearing from the face of the instrument to be alterations, the burden was upon them to sustain their plea by showing that such a change was made after their execution of the paper and without their consent. The evidence failed to show just when or by whom these letters were placed on the note. It was conflicting as to whether these seals were present at the time the maker delivered the note to the plaintiff payee. The testimony of the maker, who apparently was the only party who saw the indorsers sign, as well as the testimony of the three indorsers themselves, that the letters were not written when the indorsements were made or afterwards with their express or implied consent, was uncontroverted by any oral testimony. The attorney for the maker, who prepared the paper for signature, testified that the letters did not appear to be in his handwriting, and he had no recollection that they were placed there by himself. The note with the letters "L. S." written opposite the names was, however, before the jury for their inspection. Taking the writing itself as evidence, together with the presumption of law in favor of the plaintiff that the seals were placed on the instrument when it was executed, and the somewhat hazy recollection evinced in testimony of the indorsers as the nature of the paper and some of the facts attending the execution, it can not be held as a matter of law that a verdict was absolutely demanded for the indorsers upon the issue of alteration. The jury may have reached the conclusion from their inspection of the original paper and from all the facts and circumstances in evidence (see *Dillard* v. *Holtzendorf,* 140 *Ga.* 17, 78 S. E. 414) that the letters were in the hand-

writing of the indorsers themselves. The general grounds were therefore without merit.

(b) Exception is taken to the charge that, "if the alteration was done unintentionally, or by mistake or in an immaterial matter, or not with intention to defraud, and the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court," and that, "if the alteration be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the contract will be enforced." Elsewhere the court charged that "if at the time [the indorsers] signed their names on the back of the notes sued on, there was no L. S. there, then these notes, as to them, are barred after six years after they became due, and no recovery can be had as against the securities in this case," and further charged that if such letters were placed after they had signed, "without their knowledge or consent, then the notes would be barred after six years as to them, no matter who put the L. S. there, whether it was the plaintiff or not, as [the indorsers] could only be bound by a contract as they made it, and no person could change the nature of the contract made by them, without their consent or knowledge," and that if the jury should so find, their finding should be in favor of the indorsers in so far as that issue is concerned. Notwithstanding these correct additional instructions, under the preceding rulings the previous charge in substantially the language of section 4296 of the Civil Code had no application to the contract and liability of the accommodation indorsers, and as to them was erroneous. The two rules as charged were conflicting, and, being necessarily confusing to the jury, the judgment denying a new trial must upon this special ground be reversed. The remaining grounds are controlled by the foregoing rulings.

*Judgment reversed. Stephens and Sutton, JJ., concur.*