### 24154. MARSHALL, executrix, *et al. v.* WALKER.

SUTTON, J. 1. An instrument whereby H. C. Walker, party of the first part, sold and conveyed to Church Lumber Company, party of the second part, certain timber upon described lands, for a consideration of $2,000, to be paid in installments as therein specified, the last of which was due, January 3, 1925, the instrument reciting that "In testimony whereof the said party of the first part has hereunto set his hand and seal this the 3rd day of April, 1924," signed "H. C. Walker (Seal)" and "Church Lumber Co. (Seal) by W. H. Church," is a sealed instrument, conveying the timber therein described, on the part of the party of the first part, and a simple contract in writing, acknowledging the indebtedness and agreeing to pay the same as therein specified, on the part of the second party thereto. Civil Code (1910), § 4359; *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (140 S. E. 869); *Cooper* v. *Dixie Cotton Co.,* 144 *Ga.* 33 (86 S. E. 242); *Burkhalter* v. *Perry,* 127 *Ga.* 438 (56 S. E. 631, 119 Am. St. R. 343); *Jackson* v. *Augusta Southern R. Co.,* 125 *Ga.* 801

(54 S. E. 697); *Echols* v. *Phillips*, 112 *Ga.* 700 (37 S. E. 977); *Brooks* v. *Kiser*, 69 *Ga.* 762; *Chambers* v. *Kingsberry*, 68 *Ga.* 828; *Marbut* v. *Hamilton*, 32 *Ga. App.* 187 (122 S. E. 738); *Waterman* v. *Barclay*, 10 *Ga. App.* 103 (72 S. E. 716).

2. To constitute a sealed instrument, it must contain a recital to the effect that it is given under seal, and the signature of the party must have attached thereto a seal or scroll or other device intended to represent a seal. *Ridley* v. *Hightower*, 112 *Ga.* 476, 479 (37 S. E. 733), and cit.; *Willhelms* v. *Partoine*, 72 *Ga.* 898. While this instrument recited that it was under the hand and seal of the party of the first part (Walker), it did not recite that it was under the hand and seal of the party of the second part (Church Lumber Company). The obligation of the lumber company to pay this money was a simple contract, and when Walker sold this obligation to Andrews for $1,000, before maturity, endorsing the same, his contract of endorsement was likewise a simple contract. Civil Code (1910), § 4274.

3. The suit by the plaintiff executrix being instituted more than six years after the last installment of the purchase-money became due and payable under the agreement of the lumber company to pay the same, which agreement was endorsed over to Andrews by Walker, the court did not err in dismissing the same on timely demurrer upon the ground that it was barred by the statute of limitations, the same appearing from the pleadings. There is nothing in the case of *Milledge* v. *Gardner*, 29 *Ga.* 700, contrary to what is ruled here. In that case there was an indorsement in blank with no seal, but it was an indorsement of a sealed instrument. See *Lanier* v. *Berry*, 41 *Ga. App.* 34 (151 S. E. 821), and *Hamby* v. *Crisp*, 48 *Ga. App.* 418 (172 S. E. 842), for two sound opinions discussing the various principles of law applicable to such endorsements. *Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 9, 1935.

*R. C. Jenkins,* for plaintiffs in error.
*Miles W. Lewis, S. T. Wingfield, W. W. Walker,* contra.

