## 28979.  JOHNSON *v.* RUSHING.

DECIDED SEPTEMBER 18, 1941.

*Charles G. Reynolds,* for plaintiff in error.

*Hinton Booth, D. A. Bragg,* contra.

GARDNER, J.   J. E. Rushing brought suit against Margaret Johnson, and based his cause of action on a retention-title contract of sale of a refrigerator and a pump, and, after the sale, delivery and installation of property and acceptance by the defendant. The defendant was alleged to have executed, (1) a promissory note for $420.42 payable in 42 monthly installments beginning August 1, 1939, dated July 10, 1939.   (2) A conditional retention-of-title sale contract dated July 10, 1939, and specifying the note and a cash payment of $68.25 in addition to the note.  This cash payment was never made.   On August 15, 1939, a thirty-day note was executed and delivered to the plaintiff by the defendant.  This item was included in the suit, also a repair bill of $36.35 on the pump.   The sale contract was signed:   "J. E. Rushing, seller (seal), by Mrs. J. E. Rushing," and "Margaret Johnson, purchaser (seal)."   (3) There was an instrument designated as a recording slip which specified the conditional sale, property, price, etc.  This slip was signed "Margaret Johnson, purchaser (seal), J. E. Rushing, seller (seal)."   It was properly witnessed and recorded.

The petition as amended set up these facts and asked for judgment.  It does not appear that the defendant ever paid anything on the purchase-price.   The conditional bill of sale contained this provision:   "Risk of loss, injury, or destruction of said chattel shall be borne by purchaser, and such loss, injury or destruction shall not release purchaser from any obligation hereunder."   The defense filed contained a general denial and two specific reasons why the defendant was not liable:   (1) because the conditional-sale contract which is mentioned above in item 2 as a "conditional [?] retention-of-title sale contract," appearing under seal for J. E. Rushing, by Mrs. J. E. Rushing, was not a valid contract for lack of legal authority of Mrs. Rushing to execute it, for the reason that

her authority as agent was not likewise under seal; and (2) that the defendant herself did not sign the contract, as set out in her plea of non est factum. From the pleadings and the evidence touching this sale contract arise the contentions between the parties. The jury returned a verdict for the plaintiff for the amount claimed and judgment was entered thereon. The defendant excepted to the overruling of her motion for new trial. If the conditional-sale contract was not binding on the defendant for either of the reasons contended for by her, the judgment should be reversed. Some months after the sale, without fault of the defendant, the refrigerator was totally destroyed by fire and the pump was damaged. But for the loss provision in the contract of sale, this loss would fall on the seller. If the contract which contains the loss clause is valid, the purchaser is the loser. Code, § 96-108, provides: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase-money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale."

1. We will address ourselves to the first contention as to the authority of Mrs. Rushing to sign the name of J. E. Rushing to the contract and make effective the loss clause. Counsel for the defendant contends that the contract purported to be under seal, and that it nowhere appears that Mrs. Rushing was clothed with authority under seal to execute it. But the contract shows on its face that it does not meet the requirements of a contract under seal. To render a contract a sealed instrument it must be so recited in the body of the instrument, and a seal or scroll must be placed after the signature. *Waterman* v. *Barclay,* 10 *Ga. App.* 108 (72 S. E. 716). There are numerous other decisions of this court and of the Supreme Court to this effect, which any one interested may examine. Nowhere in the body of any of the instruments involved are there any words expressing an intention to execute a contract under seal, except in the body of the $68.45 note executed for the cash payment, and the signature to this is not followed with a scroll or seal. The facts in this case bring this point almost squarely within the principles laid down in *Neal* v. *Harber,* 35 *Ga. App.* 628 (134 S. E. 347), in which the court held: "Where a person's name is signed for him, at his direction and in his pres--

ence, by another, the signature becomes his own. The relationship of principal and agent is not thereby created, nor does the doctrine of such a relationship become involved." But be that as it may, construing the evidence in the record most strongly to uphold the verdict as to this contention, the judge was authorized to admit, and did not err in admitting, the conditional bill of sale in evidence; and the jury was authorized to find that in signing the name of J. E. Rushing, Mrs. J. E. Rushing was only the amanuensis of her husband, J. E. Rushing, and that the law of agency was not involved.

2. We come next to the second question whether the record sufficiently reveals that Mrs. Johnson, the defendant, signed the conditional-sale contract. It will be observed that the three instruments, the first note, the conditional-sale contract, and the recording slip, were all stated to be "contemporaneously" executed, and the last note for $68.45 given afterwards was mentioned only in the conditional bill of sale, the only one of the instruments in controversy. The note and the "record slip" were admittedly executed. The other evidence in connection therewith as detailed by the record was sufficient to warrant the jury in finding against the plea of non est factum.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*