33342. CHASTAIN *v.* L. MOSS MUSIC CO. *et al.*

DECIDED MARCH 16, 1951.

*Henry L. Barnett,* for plaintiff in error.

*J. G. B. Erwin,* contra.

SUTTON, C. J. L. Moss Music Company, a partnership composed of L. Moss and C. P. Reeve, sued W. B. Chastain as surety on a forthcoming bond for personal property in a claim case. It appeared that the forthcoming bond was given in a claim case wherein Janie Long was the claimant and principal on the bond. At the · bottom of the bond is the statement, "Signed, sealed and dated, this October 9, 1939." Below this statement and on the right-hand side of the page is the name, "Janie Long," as principal, with the word "Seal" after her name, and underneath her name is a blank line with the word "Security" thereunder, and on the left-hand side of the page below the word "Approval" is the name, "W. B. Chastain," followed by the letters "L. C." The bond was dated October 9, 1939, and the action thereon was commenced on May 24, 1948. The defendant pleaded that the action was barred by the statute of limitations. Was the bond a sealed instrument as to W. B. Chastain? If not, the suit was barred by the statute, as it was instituted more than six years after the bond was executed. To constitute a sealed instrument, it must contain a recital in the body of the instrument to the effect that it is given under seal, and the signature of the party to the instrument must have attached thereto a seal or scroll. In other words, the rule is that there must be both a recital in the body of the instrument of an intention to use a seal and the affixing of the seal or scroll after the signature. See: *Brooks* v. *Kiser,* 69 *Ga.* 762; *Willhelms* v. *Partoine,* 72 *Ga.* 898; *Ridley* v. *Hightower,* 112 *Ga.* 476 (37 S. E. 733); *Waterman* v. *Barclay,* 10 *Ga. App.* 108 (72 S. E.

716); *Lanier v. Berry*, 41 *Ga. App.* 34, 37 (151 S. E. 821); *Hamby v. Crisp*, 48 *Ga. App.* 418 (172 S. E. 842); *Marshall v. Walker*, 50 *Ga. App.* 551 (178 S. E. 760); *Johnson v. Rushing*, 65 *Ga. App.* 793 (16 S. E. 2d, 502); Code, Ann., § 3-703, catchword "Sealed Instrument"; § 102-103, catchword "Seal."

The bond itself shows that it was not a sealed instrument as to W. B. Chastain, as there is no seal or scroll placed after or affixed to his signature. An agreed statement of facts in the record shows that a claim to personal property was filed by Janie Long with W. B. Chastain as surety on the forthcoming bond, but there is nothing in the record that shows that the bond was a sealed instrument as to Chastain. On the contrary, it appears that it was not a sealed instrument as to him. He signed the bond on the left-hand side, where an officer approving the bond should have signed, with the letters "L. C." after his signature.

The action was barred as to the defendant, and the court erred in directing the verdict against him, and in overruling the motion for a new trial.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment reversed. MacIntyre, P.J., Gardner, Townsend, and Worrill, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The recital in the body of the instrument was sufficient if other elements necessary to make the instrument a sealed instrument were present. *Humphries v. Nix*, 77 *Ga.* 98. The defendant did not dispute the fact that he signed the bond as surety, nor did he show that he signed as he did to avoid signing under a seal. The simple conclusion is that the surety signed in the wrong place, and that since he does not deny signing as surety, nor that the sheriff acted on his signature as such, the signature in law should be treated as if it had been in the right place, and the designation of the capacity as security and the (SEAL) should be held to attach to the signature at the wrong place in the absence of any evidence showing a contrary intention. Ordinarily, even though the body of an instrument declares the intention to sign under seal, a

seal or something to take its place is necessary, and cases on the point are too numerous to mention, but those are cases where the parties signed in the proper places. Under the circumstances of this case, the declaration that the instrument was under seal, plus the admission that the signature was in the capacity of surety, demand the finding that the signature was under seal, in the absence of anything to the contrary. I dissent from the judgment of reversal.