## 59771. WOODALL v. HIXON.

CARLEY, Judge.

Carrie Jo Woodall brings this appeal as the executrix of the estate of Robert Hixon from a jury verdict awarding her mother, Hixon's widow, $12,460 on a promissory note executed by Hixon.

Robert Hixon died testate on March 18, 1976. His will named Mrs. Woodall and his other daughter, Sarah Williams, as the co-executrices of his estate. Mrs. Williams died shortly after Hixon's will took effect, leaving Mrs. Woodall as the sole executrix of Hixon's estate.

Included among the estate's outstanding obligations was a promissory note signed by Hixon and dated September 6, 1966. The note provided for payment of the principal sum of $7,000 to Mrs. Hixon *on demand,* with an accrual of 6% interest per annum from the date of the note until the note had been paid in full. Immediately after Hixon's death, Mrs. Hixon presented the subject note to her daughters for payment. The daughters refused to acknowledge the validity of the note, and Mrs. Woodall has subsequently maintained the position that recovery on the note has been barred by the operation of the six-year statute of limitation on notes not under seal which is set out in Code § 3-705.

Mrs. Hixon brought suit against her daughter to compel payment of the note, contending (1) that the note is under seal and is thus controlled by the twenty-year statute of limitation set out in Code § 3-703, and (2) that even if the note is not under seal and thus falls under the six-year limitation period, the period did not begin to run until she demanded payment of the note from her daughters. The trial court found that the note was in fact under seal and that Mrs. Hixon's claim was not barred by the six-year statute of limitation. On June 22, 1979, the jury returned a verdict for Mrs. Hixon and against Mrs. Woodall for the full amount of the note plus the accrued interest.

1. Each of the three enumerations of error set forth by Mrs. Woodall centers upon her basic argument that recovery on the subject note has been barred by the running of the six-year statute of limitation contained in Code § 3-705. Since the statute of limitation issue controls the disposition of the instant appeal, we will address the arguments asserted by Mrs. Hixon in support of her position that the applicable limitation period has *not* run on her claim.

The form of the subject note is crucial to a determination of whether it is a sealed instrument. The courts of this state have long held that "[i]n order to render a promissory note a sealed instrument, the intention to execute it as such must appear *both in the body of the*

*instrument and after the signature."* (Emphasis supplied.) *Johnson v. International Agricultural Corp.,* 41 Ga. App. 740 (154 SE 465) (1930). Mrs. Hixon contends that the note in this case satisfies both of these requirements. We disagree.

The subject note bears the signature of Robert Hixon, followed by the letters "L. S.," on the right hand side of the note beneath a solid black line which completely separates the body of the note from the signature lines. On the left hand side of the note underneath the solid black line appears the phrase "Witness my hand and seal." Below this phrase lies a blank signature line and a line on which an address is to be included. The term "seal" does not appear elsewhere in the note.

In the case of *Echols v. Phillips,* 112 Ga. 700 (37 SE 977) (1900), the Georgia Supreme Court held that an instrument which was very similar to the note in the instant case was *not* a sealed instrument. In a unanimous opinion, the court stated that "[t]he words by which it is sought to make it appear that this was a sealed instrument were on a portion of the paper where witnesses ordinarily attest, and in the language generally used for such attestation. There is nothing to show that the maker intended to use the words as his own. We therefore think that the court erred in deciding that this was a sealed instrument . . . " *Echols v. Phillips,* supra at 701. Compare *Barnes v. Walker & Co.,* 115 Ga. 108 (1) (41 SE 243) (1902).

In our view, the note which is the subject of this case suffers from a similar infirmity. The term "seal" does not appear in the body of the instrument. Consequently, we hold that the note is not a sealed instrument and thus the timeliness of an action brought thereon must be determined by reference to the six-year statute of limitation set forth in Code § 3-705. While we recognize the viability of logical arguments against judicial decisions based upon such formal and semantic distinctions, we are compelled to follow the mandates of controlling precedent.

2. Mrs. Hixon further argues that, even if the note is found to be subject to the six-year limitation period, the period has not expired because it did not begin to run until she demanded payment on the note from her daughters in 1976.

This argument is without merit. Code § 3-705 states: "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same *shall have become due and payable."* (Emphasis supplied.) Under the provisions of Code § 109A-3—122 (1) (b), a cause of action accrues against the maker of a demand instrument "upon its date or, if no date is stated, on the date of issue." Construing these two Code sections together, we hold that the six-year period for the bringing of

actions on an unsealed demand instrument commences upon the date of the instrument or, if no date is stated, on the date the instrument was issued.

Since the subject note in this case is dated September 8, 1966, the action seeking recovery on the basis of such note was not brought timely. The trial court thus erred in denying Mrs. Woodall's motion for judgment on the pleadings.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 10, 1980 — DECIDED JUNE 12, 1980 —

*Charles E. Kuntz,* for appellant.
*Thomas E. Greer, David H. Tisinger,* for appellee.